Anthony Ray HARDY, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–00150–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 5, 1987.

Wilford Anderson, Houston, for appellant.

John B. Holmes, Jr., Cathleen Herasimshuk, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Anthony Ray Hardy appeals a conviction for possession of cocaine. After entering a plea of nolo contendre, the trial court assessed punishment at two years incarceration.

In a single point of error appellant asserts that the trial court erred in overruling his motion to suppress the cocaine found on him because the search and seizure violated his constitutional rights. We affirm the judgment.

On September 19, 1986, at approximately 8:30 p.m., Houston police officer Clifton E. Terrel was a member of a narcotics raid team executing a search warrant at an apartment unit located in Houston, Texas. As a member of the Investigative Response Team, Officer Terrel had had numerous dealings with narcotics and the narcotic cocaine in particular. The valid search warrant was issued based on information supplied by an informant that the occupants of the apartment were dealing cocaine and using drugs.

After arriving at the apartment the officers knocked, announced their identity and requested entry into the apartment. When the officers were refused entry, they used battering rams to enter the apartment. Upon entering, Officer Terrel found the room smoke-filled and smelling of alcohol and medicine. Inside the room were several males and females including appellant who was standing in the middle of the living room approximately three or four steps away from the door. Next to the door was a shotgun. The officer passed appellant and proceeded towards the back of the apartment where the officer observed a female standing in the kitchen. When he reached the kitchen, Officer Terrel saw that the woman had her hand in a kitchen drawer. The officer asked that she remove her hand from the kitchen drawer; when she did, he found cocaine and a .38 revolver in the drawer. While he was in the kitchen, he also observed cocaine, razor blades, pipes and other drug paraphernalia on the counter. After searching the woman, the officer found a large amount of cash.

Officer Terrel then left the kitchen and returned to the living room where another officer had detained appellant. When he approached appellant, the officer asked him if he was the "doorman". The officer began to pat appellant's front pants pockets for weapons. The officer felt a plastic crumbling paper containing a hard substance in appellant's pocket. After reaching into appellant's pockets, the officer found cellophane baggies containing two cocaine rocks. Based on this evidence, appellant was arrested and charged with possession of cocaine.

In point of error one appellant asserts that the search and seizure conducted by the narcotics officer was a violation of his rights under the fourth and fourteenth amendments of the U.S. Constitution and article 1, § 9 Tex. Const. Before an officer places a hand on the person of a citizen in search of weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous. *Lippert v. State*, 664 S.W.2d 712, 721 (Tex.Crim.App.1984). The United States Supreme Court has held that a person's mere physical proximity to a crime without more will not support a finding of probable cause to search a person. *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). Accordingly, a search or seizure of a person must be supported by probable cause particularized with respect to that person. *Ybarra v. Illinois*, 444 U.S. at 90, 100 S.Ct. at 341. Appellant contends that the search of appellant under these circumstances was improper.

The confidential informant had told Officer Terrel that there was a "doorman" in the apartment who would open the door and close the door for the customers. However, the name of the "doorman" was not known. Although the description of the "doorman" was vague, appellant fit that description. Officer Terrel testified

that he had previously dealt with doormen in dope houses and that he had found weapons on such persons located in dope houses.

■ Prior to searching appellant, Officer Terrel had seen two guns in the apartment: the shotgun located close to appellant and the .38 revolver found in the kitchen drawer. Because of appellant's close proximity to the shotgun and the apartment door, and because appellant fit the description of the doorman, we find that there were specific articulable facts supporting a reasonable belief that appellant posed a safety risk to the police officers. The United States Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), created an exception to the requirement of probable cause in allowing a law enforcement officer, for his own safety and protection, to conduct a pat down for weapons which he reasonably believes or suspects are in possession of the person he has detained. The search of appellant was valid because the officers had reason to believe appellant had a special connection with the premises and had other bases to suspect he was armed. In assessing the justification for detention of an occupant of premises being searched for contraband both the law enforcement interest and the nature of the "articulable facts" supporting the detention are relevant. *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). For all of these reasons Officer Terrel acted reasonably when he frisked appellant for weapons.

■ As Officer Terrel was searching appellant for weapons he felt a plastic crumbling paper containing a hard substance in appellant's front pants pocket. The officer knew rock cocaine was often stored in cellophane bags. Officer Terrel testified that when he felt this item he thought it was rock cocaine based on his previous experiences feeling rock cocaine through pockets and the distinctive crumbling sound made by cellophane bags when they are touched. Officer Terrel testified that he heard that particular sound when he touched the plastic crumbling paper in appellant's pants pocket. After searching appellant for weapons and finding none, Officer Terrel returned to appellant's front pockets. At that time he went into his pockets and found cellophane baggies containing two cocaine rocks. After initially frisking appellant for weapons, there existed probable cause to search appellant further for contraband. *Voelkel v. State*, 717 S.W.2d 314, 316 (Tex.Crim.App.1986). Probable cause existed based on the following information:

1. Officer Terrel had observed various drug paraphernalia in the apartment and the kitchen.
2. The paraphernalia was in open view of appellant.
3. Officer Terrel believed that the plastic crumbling paper contained rock cocaine based on his experiences with the drug.

The case at hand can be distinguished from the decisions reached in *Ybarra v. State*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979) and *Lippert v. State*, 653 S.W.2d 460 (Tex.App.—Corpus Christi 1982), *rev'd per curiam*, 664 S.W.2d 712 (Tex.Crim.App.1984). When the search warrant was issued in *Ybarra* the authorities had no probable cause to believe that every person found in the tavern including the bartender would be violating the law. In our case, the narcotics officers had been told by the informant that drugs were being sold and used inside the apartment. In *Ybarra* there were no drugs or drug paraphernalia in plain sight whereas in this case drug paraphernalia was clearly visible inside the apartment and the apartment smelled of alcohol and medicine when the officers entered. Furthermore, in *Ybarra* no weapons were found in the tavern, while in our case a shotgun and revolver were found soon after entering the apartment. The initial frisk of Ybarra was not supported by a reasonable belief that the defendant was armed and presently dangerous. The facts in this case are clearly distinguishable because here the officer had a reasonable belief that appellant was armed and potentially dangerous.

Similarly, the facts in *Lippert* are distinguishable from the facts found in this case. The Defendant in the *Lippert* case entered the residence approximately 15 to 30 minutes after the officers commenced the

search and seizure. In this case appellant was found inside the apartment at the time the officers entered the apartment to conduct the search and seizure. In *Lippert* no weapons were found on the Defendant, and he was not thought to be armed and dangerous. Appellant was found close to the door, near a shotgun and appellant matched the general description of the "dope house doorman". There was sufficient probable cause to believe appellant could be armed and dangerous. In *Lippert* there was no justification for the initial stop and frisk whereas here there was evidence, more than mere presence, necessary to initially stop and frisk appellant.

Based on all of the foregoing we find that the "presence plus" requirements discussed in *Ybarra* and *Lippert* are satisfied. We hold that Officer Terrel was justified in searching appellant for weapons and contraband. The first point of error is overruled. The judgment of the trial court is affirmed.