The STATE of Texas, Appellant,

v.

Julia OWENS, Appellee.

No. 3–90–041–CR.

Court of Appeals of Texas, Austin.

June 12, 1991.

Dayna Blazey Baird and Robert Smith, Asst. Dist. Attys., Austin, for appellant.

Bobby Taylor, Austin, for appellee.

Before CARROLL, C.J., and JONES and SMITH, JJ.

CARROLL, Chief Justice.

The State appeals the trial court's order suppressing evidence. *See* Tex.Code Cr.P. Ann. art. 44.01(5) (Supp.1991) (permitting State appeal). We affirm.

## BACKGROUND

The issue in this case is whether an officer may frisk a person who is "merely present" during the execution of a search warrant.

The Austin Police Department obtained a warrant to search an Austin residence and to arrest two unnamed males who were believed to be in possession of a controlled substance. During execution of the warrant, Officer Varela found appellee and two other persons in the kitchen of the residence. Immediately after Officer Varela had "secured" the kitchen area, he heard another officer shout "I've got a gun," a signal that an officer had found a firearm in the residence. Officer Varela apparently believed that the presence of one gun significantly increased the risk that there were other guns in the residence.

After hearing the other officer's shout, Officer Varela frisked appellee "For my safety. We're looking for weapons, knives, et cetera." In the right front pocket of appellee's pants, Officer Varela found plastic bags containing cocaine. He arrested appellee for possession of a controlled substance.

Officer Varela did not know appellee before her arrest. Before he frisked her, she did nothing illegal or suspicious. She did not appear to have a weapon nor did she reach for one. Appellee did not "take any action" toward the officer. Before the gun alert, Officer Varela was not in fear for his safety from appellee. He became concerned only after the gun alert, which was not directly related to appellee in any way.

On the basis of the cocaine Officer Varela found in her pocket, appellee was indicted for possession of a controlled substance. The trial court granted appellee's pretrial motion to suppress the cocaine, effectively terminating the State's case. The State appeals this order.

## DISCUSSION AND HOLDING

A search and arrest warrant does not authorize the detention, search, or frisk of persons on the premises who are neither directly associated with the premises nor named or described in the warrant. *Worthey v. State*, 805 S.W.2d 435 (Tex.Cr.App. 1991); *Lippert v. State*, 664 S.W.2d 712, 721–722 (Tex.Cr.App.1984); *Conner v. State*, 712 S.W.2d 259, 260 (Tex.App.1986, pet. ref'd).

There are two bases for justifying a frisk of a person who is "merely present" at the scene of a search warrant execution. First, the detention or search of such persons is justified if independent factors, other than mere presence, connect the person to the unlawful activity on the premises. *Id.* Second, a frisk is justified if it is reasonable under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); the officer must possess "specific and articulable facts" which warrant a self-protective search for weapons. *Worthey.*

At a hearing on a motion to suppress evidence, the trial court, as trier of fact, is sole judge of the credibility of the witness-

**876**

es and the weight to be given their testimony. *State v. Kost,* 785 S.W.2d 936, 940 (Tex.App.1990, no pet. history). An appellate court must defer to the trial court's findings of fact absent a clear abuse of discretion. *Id.*

The sole basis for Officer Varela's decision to frisk appellee was that another officer had found a gun in the residence. He possessed no facts, other than appellee's mere presence, to connect her with any criminal activity at the residence or to indicate that she might have a weapon. Although Officer Varela testified that he was concerned for his safety, the trial court may not have found this testimony credible. Under these circumstances, we conclude that the trial court did not abuse its discretion in determining that Officer Varela's frisk of appellee was unjustified. We affirm the trial court's suppression order.