Colbert Eugene THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00392–CR.

Court of Appeals of Texas,
El Paso.

Sept. 22, 1994.

Discretionary Review Refused
Dec. 14, 1994.

---

**216**

Bill Goode, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, Houston, for appellee.

Before KOEHLER, LARSEN and McCOLLUM, JJ.

*OPINION*

KOEHLER, Justice.

Colbert Eugene Thomas appeals from a conviction for possession of cocaine in an amount less than 28 grams, enhanced. Upon a finding of guilt, the jury assessed punishment at imprisonment for a term of 25 years. We affirm.

In Points of Error Nos. One, Two, and Three, Appellant contends that the trial court erred in failing to suppress the fruits of an illegal arrest and search of his person. Appellant asserts that he preserved error by obtaining a ruling on a written motion to suppress evidence during the course of trial. We disagree.

■ Appellant did not obtain a hearing or ruling upon his motion to suppress before trial, and he agreed that the motion to suppress could be carried over to trial and raised by objection at the appropriate time. Under these circumstances, the mere filing of the motion to suppress did not preserve error, and Appellant was required to make a timely objection at trial in order to do so. TEX.R.APP.P. 52(a); TEX.R.CRIM.EVID. 103(a)(1); see *Ross v. State,* 678 S.W.2d 491, 493 (Tex.Crim.App.1984).

■ To be timely, an objection must be raised at the earliest opportunity or as soon as the ground of objection becomes apparent. *Martinez v. State,* 867 S.W.2d 30, 35 (Tex. Crim.App.1993); *Johnson v. State,* 803 S.W.2d 272, 291 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681, 685 (Tex.Crim.App.1991). The record reflects that Appellant did not lodge any objection until after he had allowed two police officers to testify extensively before the jury concerning the facts of this case, including the search of Appellant and the discovery of a syringe containing cocaine residue in his pocket. A photograph showing the syringe in Appellant's pocket was also admitted without objection. Although Appellant later urged his motion to suppress outside the presence of the jury and objected to the admission of the syringe on the same grounds, we find that he failed to object at

the earliest opportunity, and by so doing, waived error. See *Marini v. State*, 593 S.W.2d 709, 714 (Tex.Crim.App.1980) (defendant waived error in admission of LSD tablets and marihuana by failing to object to testimony of officer with regard to finding those drugs); *Turner v. State*, 642 S.W.2d 216, 217 (Tex.App.—Houston · [14th Dist.] 1982, no pet.) (defendant's complaint with regard to admission of exhibits seized after search incident to arrest waived for failure to object to preceding testimony of officer regarding arrest and items found in search); see also *Johnson*, 803 S.W.2d at 291. Points of Error Nos. One, Two, and Three are overruled.

■ In Point of Error No. Four, Appellant contends that the trial court erred in failing to submit a requested jury instruction regarding the legality of an intrusive search into his pocket following a weapons frisk as required by TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1994). He argues that a fact issue exists with regard to whether the police officer conducting the search exceeded the scope of the limited weapons search permitted by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Article 38.23 provides in mandatory terms that a jury is to be instructed to resolve factual disputes over whether evidence was illegally obtained, and therefore, inadmissible. *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim.App.1986); see *Murphy v. State*, 640 S.W.2d 297, 299 (Tex.Crim.App.1982); *Patterson v. State*, 847 S.W.2d 349, 352 (Tex.App.—El Paso 1993, pet. ref'd). An instruction under Article 38.23 directs a jury to disregard evidence if it resolves, in a defendant's favor, the factual dispute concerning the manner in which the evidence was obtained. *Thomas*, 723 S.W.2d at 707. A trial court is required to include a properly worded Article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained. *Id.; see Murphy*, 640 S.W.2d at 299; *Patterson*, 847 S.W.2d at 352.

We have reviewed the record to determine whether Appellant is correct in his claim that a fact issue exists because the testimony of the police officer who conducted the search was contradictory with regard to his purpose in searching Appellant's pocket. The record reflects that a narcotics investigation led to the issuance of a search warrant for a residence known on the street to be a "shooting gallery", that is, a place in which persons could purchase heroin or cocaine and use the substances on the premises. The search warrant affidavit admitted into evidence reflected that a confidential informant had purchased cocaine from a person inside the premises and had seen additional cocaine in the dealer's possession. Officers Ronald K. Collinsworth and Frank Kurtz, police officers employed by the Houston Police Department and assigned to the Narcotics Division, along with several other police officers, executed the warrant on April 8, 1993.

■ Kurtz entered the residence first yelling, "Police officers, search warrant, search warrant" and went immediately to the back bedroom to secure it. One person jumped out of the bedroom window while another remained on a bed. A second officer found Appellant hiding behind a door in the same bedroom with a curtain pulled over him. Kurtz then conducted a pat-down search of Appellant's clothing because, given the circumstances, he was concerned that he might be in possession of a weapon or some object that could be used as a weapon. When he felt a long, round object in Appellant's left pants pocket that he thought might be a weapon, Kurtz asked Appellant what it was. Appellant admitted that he had a "rig", which Kurtz understood to mean a syringe and needle. Still concerned that the object was a weapon, such as a knife, or some object that could be used as a weapon, such as a syringe and needle, Kurtz handcuffed Appellant and then ripped the pocket open, thereby exposing a syringe and needle. Based upon Appellant's admission that he possessed a syringe, Kurtz also believed he had probable cause to search the pocket for contraband. After Kurtz removed the syringe and turned it over to Collinsworth, Appellant was arrested for possession of a controlled substance.

Appellant does not claim that any fact issue exists with regard to the propriety of the initial pat-down of his outer clothing, and we find none in the record. Kurtz testified consistently that given the fact that Appel-

lant was found hiding from the officers during the execution of the warrant, he feared that Appellant was armed and posed a threat to him. Having stated specific and articulable facts that led him to reasonably conclude that Appellant was armed and dangerous, a limited search of Appellant's outer clothing for weapons was reasonable. See *Worthey v. State*, 805 S.W.2d 435, 437 (Tex.Crim.App. 1991), *quoting Terry v. Ohio*, 392 U.S. at 27, 88 S.Ct. at 1883.

Having determined that the initial frisk was permissible, we find that Appellant's contention with regard to the scope of the subsequent intrusion into his pocket is without merit for two reasons. First, Appellant fails to consider whether that search was supported by probable cause, thus precluding the jury from considering whether Officer Kurtz' action in ripping the pocket open was valid under *Terry v. Ohio*. While it is correct that a search and arrest warrant does not authorize the detention, search, or frisk of persons on the premises who are neither directly associated with the premises nor named or described in the warrant, there are two bases for justifying a detention and search or frisk of a person who is "merely present" at the scene of a search warrant execution. *Worthey*, 805 S.W.2d at 438 n. 5; *State v. Owens*, 810 S.W.2d 874, 875 (Tex. App.—Austin 1991, no pet.). First, the detention or search of such a person is justified if independent factors, other than mere presence, connect the person to the unlawful activity on the premises. *Worthey*, 805 S.W.2d at 438 n. 5; *State v. Owens*, 810 S.W.2d at 875. Second, a frisk is justified if it is reasonable under *Terry v. Ohio;* that is, the officer must possess "specific and articulable facts" which warrant a self-protective search for weapons. *Id.*

Even though Appellant was not named in the search warrant as a suspected party nor was he in control of the premises at the time of the warrant's execution, our review of the record reveals that there are independent factors connecting him to the unlawful drug activity on the premises, thus justifying the search independent of what is permitted by *Terry v. Ohio*. Officer Kurtz knew that Appellant was found in a residence

in which persons purchased controlled substances, such as heroin and cocaine, and used them on the premises. Appellant's conduct in hiding when the officers entered the "shooting gallery" along with his admission that he had a syringe in his pocket, were independent factors beyond mere presence which sufficiently connected him to the unlawful drug activities on the premises, thus providing probable cause for Officer Kurtz' search of his pocket for contraband. See *Hardy v. State*, 738 S.W.2d 792, 794 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd). Consequently, Appellant was not entitled to have the jury instructed to apply the *Terry* standard to the intrusive search of his pocket.

The second flaw in Appellant's argument is that it assumes that Officer Kurtz' conclusions with regard to the object in Appellant's pocket were mutually exclusive and contradictory. The record is quite clear that Kurtz believed the object in Appellant's pocket was a weapon, although he admitted he was unsure. He never wavered from his testimony that his primary purpose in opening the pocket was to ensure his safety, regardless of whether the object was a knife or pen, a syringe as Appellant told him, or some other object that could be used as a weapon. It was not inconsistent or unreasonable for Kurtz to believe that a syringe, if that is what the object truly was, could be used as a weapon, *and* at the same time, contain a controlled substance. His testimony did not create a fact issue, and the trial court did not err in refusing the requested instruction. Point of Error No. Four is overruled.

Having overruled all points of error, the judgment of the trial court is affirmed.