Martinez-MA v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-179-CR

     MARIO ALBERTO MARTINEZ,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Criminal Court
Dallas County, Texas
Trial Court # MB94-32298-A
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant was charged by information with the class B misdemeanor offense of possession
of marihuana, which was alleged to have occurred on October 7, 1994. Appellant pled nolo
contendere pursuant to a plea-bargain agreement. After hearing the evidence, the trial court
followed the plea agreement by deferring adjudication and ordering community supervision for
twelve months and setting a fine of $200.00 and costs, from which Appellant appeals.
      A hearing was conducted on Appellant's motion to suppress, which motion the trial court
denied. This appeal is from the trial court's denial of this motion.
      Officer W. R. Stone, a police officer of the City of Irving for some five and one-half years,
testified at the hearing on the motion to suppress. His testimony is summarized as follows:
      On October 7, 1994, he was dispatched to investigate a report about a person selling
marihuana at the Golden Cue Pool Hall. The description of the person given in the dispatch was
a Hispanic male at a certain pool table wearing blue jean shorts. When Stone arrived, he saw
Appellant, who was the only person inside who matched the description. Appellant appeared
intoxicated and had a heavy odor of alcoholic beverage upon him. His eyes were very glassy and
bloodshot. Because the music was so loud, he asked Appellant to step outside so they could talk. 
Appellant voluntarily did so. Stone asked Appellant what he had been doing, and Appellant
replied that he had been playing pool. Stone asked Appellant to answer a few more questions and
Appellant began getting belligerent. As Stone was about to arrest him for public intoxication, he
saw a bulge about four inches long in Appellant's right-front pants pocket. From his experience
as a police officer, Stone knew it could be anything, including a weapon; so for his own safety,
he patted Appellant down. When Stone touched the bulge, he felt something semi-hard, and he
thought it could be a weapon. Appellant's pants looked tight, so Stone asked Appellant to take
the object out of his pocket. Because Appellant's pants were so tight and because he was
intoxicated, Appellant had difficulty getting the object out and Stone had to help him pull it out. 
After it was out, Stone saw it was a baggie of marihuana. Thereupon, he arrested Appellant for
possession of marihuana.
      The trial court denied Appellant's motion to suppress, from which denial Appellant comes to
this court on three points of error as follows:
      (1)  The trial court erred in overruling Appellant's motion to suppress evidence
under the United States Constitution, Amendments IV and XIV.
      (2)  The trial court erred in overruling Appellant's motion to suppress evidence
under the Texas Constitution, Article 1, Section 9.
      (3)  The trial court erred in overruling Appellant's motion to suppress evidence
because Appellant was unlawfully arrested without a warrant and the State did
not meet any of the statutory exceptions to the warrant requirement set forth in
Chapter 14 of the Texas Code of Criminal Procedure.
      We overrule all of Appellant's points and contentions and affirm the trial court's judgment.
      In Johnson v. State, S.W.2d (Tex. Crim. App. No. 1340-93, delivered November 15,
1995, the Court of Criminal Appeals held that with respect to when a seizure occurs, Article I,
Sec. 9 of the Texas Constitution is to be interpreted the same as the Fourth Amendment to the
Federal Constitution. Therefore, to determine whether a consensual encounter occurred or
whether a seizure of the person occurred, the Fourth amendment analysis is used.
      A seizure does not occur simply because a police officer approaches an individual and asks
a few questions. So long as a reasonable person would feel free to "disregard the police and go
about his business," the encounter is consensual and no reasonable suspicion is required. Florida
v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); California v. Hodari, 499
U.S. 621, 628, 111 S.Ct. 1547, 1552, 113 L.Ed.2d 690 (1991). The encounter will not trigger
Fourth Amendment scrutiny unless it loses its consensual nature. Terry v. Ohio, 392 U.S. 1, 30,
88 S.Ct. 1868, 20 L.Ed.2d 889, 911 (1968). Terry v. Ohio authorizes a brief investigatory
detention (which is a seizure under the Fourth Amendment) based on reasonable articulable
suspicion in order to determine identity, briefly investigate and/or maintain the status quo. The
court must look at the totality of the information known by the officer in determining whether
reasonable, articulable suspicion existed justifying the temporary detention of Appellant. United
States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985).
      The facts of the case at bar, as we have hereinabove related them, show a consensual
encounter, as opposed to a seizure. Irrespective of whether a consensual encounter or a brief
detention occurred, the patdown/frisk conducted by Officer Stone was justified under the criteria
set out by Terry v. Ohio, hereinabove cited. Also see Thomas v. State, 884 S.W.2d 215 (Tex.
App.—El Paso 1994, pet. ref'd); Ablon v. State, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976).       In summary, Officer Stone wanted to question Appellant but was concerned for his safety
because he saw a four-inch bulge in Appellant's pants pocket. From his training, Stone knew it
could be anything, including a weapon. This was a specific, articulated reason for Stone's belief
that Appellant might be armed and he was entitled to frisk Appellant for his own safety, and he
patted Appellant down. When he touched the bulge, he felt something semi-hard, and he thought
it could be a weapon. For his own safety, Officer Stone was entitled to find out whether what felt
like a weapon was in fact a weapon. Stone, standing next to Appellant, asked him to take it out
rather than taking it out himself because Appellant's blue jeans looked so tight. Appellant had
difficulty getting the object out of this pocket, and the officer had to help him pull it out. It was
only after it was out that Stone saw it was a baggie of marihuana, and not a weapon. At this point
contraband was visually in plain view and Stone was entitled to arrest Appellant for the possession
of marihuana offense occurring in his presence under Tex. Code Crim. Proc. Ann. Art. 14.01
(Vernon 1977).
      Appellant's points of error are overruled. The judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed March 13, 1996
Do not publish



n>


 Because Cockerham failed to raise a fact issue regarding
the legality of his arrest, the court properly overruled his objection.


 Therefore, we overrule point
of error two.
      In point three Cockerham contends that the trial court erred in denying his motion to suppress
evidence obtained as a result of Posse's search of the vehicle driven by Cockerham. Posse
testified that the initial stop was made to investigate two traffic violations—speeding and illegal
tinting of windows. Posse also testified that he asked for permission to search the vehicle because
Cockerham was driving a very expensive vehicle that he did not own, his hands shook noticeably
when he handed the insurance papers to him, he offered an unsolicited explanation for his traveling
between Houston and Dallas, and he voluntarily disclosed a pending weapons charge against him
in Dallas. Finally, Posse's undisputed testimony was that Cockerham consented to the search. 
Consent to search, freely and voluntarily given, is a recognized exception to the requirement of
both a warrant and probable cause for a valid search.


 Because we find that the trial court did not
abuse its discretion in denying Cockerham's motion to suppress, we overrule point of error three.
      In point four Cockerham contends that the trial court erred in denying his motion for
instructed verdict. In addition to the sufficiency of the evidence issue already addressed in point
one, he also contends under this point that the State failed to prove that the controlled substance
was cocaine. As previously discussed, Henry Amen, a chemist with the Department of Public
Safety, identified the controlled substance as 1000 grams of cocaine hydrochloride, from which
crack cocaine is made. Because, viewed in the light most favorable to the verdict, any rational
trier of fact could have found, beyond a reasonable doubt, that the controlled substance possessed
by Cockerham was cocaine, we conclude that the trial court did not err in denying his motion for
instructed verdict.


 Accordingly, we overrule point of error four.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 11, 1994
Do not publish