In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00864-CR
____________

MARIO HERRERA PONCE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 650371



 
O P I N I O N
          A jury found appellant, Mario Herrera Ponce, guilty of the felony offense of
aggravated assault and found that he used a deadly weapon, a firearm, during the
commission of the offense. The trial court assessed punishment at 10 years
confinement and a $10,000 fine. In two points of error, appellant contends that (1)
the evidence was factually insufficient to support his conviction, and (2) he was
denied the opportunity to voir dire and challenge venirepersons regarding their ability
to follow the law on punishment.  
Factual BackgroundOn November 16, 1992, appellant was parked outside Olga Sanchez’s
apartment. Appellant and Sanchez had been in a previous relationship and had a
child together. The child and Florberta Ravanales, appellant’s sister, lived in the
apartment with Sanchez. Appellant had come to visit his child. While he was
waiting, Sanchez and her boyfriend, Mario Prichard, the complainant, arrived and
entered the apartment. 
          The complainant then left the apartment and approached appellant’s truck. 
Appellant and the complainant exchanged words and engaged in a physical
confrontation. As the argument ensued, appellant pointed a gun at the complainant. 
The two struggled for control of the gun and it went off, shooting the complainant in
the head. Appellant fled to Mexico, and was later arrested on September 8, 2000, in
North Carolina.
Sufficiency of the Evidence
          In his first point of error, appellant contends that the evidence was factually
insufficient to support his conviction. In reviewing the factual sufficiency of the
evidence, we examine all of the evidence in a neutral light and ask whether proof of
guilt is so obviously weak or greatly outweighed by contrary proof as to indicate that
a manifest injustice has occurred. King v. State, 29 S.W.3d 556, 563 (Tex. Crim.
App. 2000). In conducting our analysis, we must avoid substituting our judgment for
that of the fact finder. Id. The trier-of-fact is the sole judge of the weight and
credibility of witness testimony. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000). 
          A person commits aggravated assault if he intentionally, knowingly, or
recklessly causes serious bodily injury to another, or intentionally or knowingly
threatens or injures another with a deadly weapon. See Tex. Pen. Code Ann. §§
22.01, 22.02(a)(2) (Vernon 2003). A deadly weapon is defined as a firearm or
anything manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury; or anything that in the manner of use or intended use is capable
of causing death or serious bodily injury. Tex. Pen. Code Ann. § 1.07(a)(17)
(Vernon 2003). 
          Appellant contends that the evidence is factually insufficient to support the
finding that he intentionally shot the complainant. Appellant contends that the pistol
accidentally fired when the two men were struggling for the gun.

Intent
          “Proof of a defendant’s mental state must almost always depend upon
circumstantial evidence.” Varnes v. State, 63 S.W.3d 824, 833 (Tex. App.—Houston
[14th Dist.] 2001, no pet.). The specific intent to kill may be inferred from the use
of a deadly weapon, unless from the manner of its use, it is reasonably apparent that
death or serious bodily injury could not result. Butler v. State, 981 S.W.2d 849, 853
(Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). The Texas Penal Code defines a
firearm as a deadly weapon. See Tex. Pen. Code Ann. § 1.07(a)(17)(A) (Vernon
2003). 
          The circumstantial evidence supporting the finding that appellant intentionally
shot the complainant is not so greatly outweighed by contrary proof as to indicate that
a manifest injustice has occurred. Sanchez and Ravanales testified that they saw
appellant and the complainant arguing and fighting. Appellant testified that he
grabbed a pistol from his glove compartment and pointed it at the complainant. The
two men struggled for the gun and two shots were fired. The complainant sustained
a shot to the head. Appellant drove over the complainant’s head as he fled the scene
in his vehicle.
Self-Defense
          Appellant also contends that he was acting in self defense. To support his
argument, appellant testified that he had recently argued with the complainant over
the phone. According to appellant, the complainant threatened to kill him during the
phone conversation. He said that on the night of the shooting, he saw the
complainant stop at his vehicle and get what he thought was a weapon. 
          The jury is entitled to judge the credibility of the witnesses and may choose to
believe all, some, or none of their testimony. Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986). The jury could have believed appellant’s testimony, and
disbelieved the complainant’s testimony. Based on all the evidence, we conclude that
proof of appellant’s guilt is not so obviously weak or greatly outweighed by contrary
proof as to indicate that a manifest injustice has occurred.
          We overrule appellant’s first point of error.Voir Dire on Punishment
          In his second point of error, appellant contends that he was denied the
opportunity to voir dire and challenge venirepersons under Article I, Section 10 of the
Texas Constitution and Article 35.16 (a)(2) of the Code of Criminal Procedure
concerning their ability to follow the law on punishment. A brief recitation of the
pertinent facts is appropriate. 
          On July 15, 2002, before voir dire began, the trial court informed appellant that
he would only be able to receive probation from the court. With the court aware he
was relying on this information, appellant requested a jury trial, but elected to have
the court assess punishment. During voir dire, the court informed the jury that they
would not be assessing punishment in the event appellant was found guilty. 
          On July 16, 2002, at the close of the guilt/innocence phase, but before
deliberation, the court informed appellant that it had given him misinformation. The
court explained that in the event appellant was found guilty of an offense and the jury
made a special finding that he used a deadly weapon, he would be ineligible to
receive probation from the court. See Tex. Code Crim. Proc. Ann. Art. 42.12
(Vernon Supp. 2003) (community supervision not allowed if defendant used a deadly
weapon in commission of offense). However, if he elected to have the jury assess
punishment, it could consider probation. Id. The court allowed appellant to change
his election from having the court assess punishment to having the jury assess
punishment. The court and appellant’s counsel explained to him that, during jury
selection, neither the court nor appellant’s counsel had the opportunity to discuss
punishment with the jury. Upon understanding that he would not be able to voir dire
the jury concerning the issue of probation at that point, appellant elected to have the
jury assess punishment.    
          A timely motion at trial is required in order to preserve error. Tex. R. App. P.
33.1 (a)(1); Thomas v. State, 884 S.W.2d 215, 216 (Tex. App. – El Paso 1994, pet.
ref’d). A motion must be “raised at the earliest opportunity” or “as soon as the
ground . . . becomes apparent” to be timely. Thomas, 884 S.W.2d at 216. Appellant
did not object or move for a mistrial after he was informed of the consequences of the
trial court’s mistake. Appellant’s complaint is therefore untimely. Tex. R. App. P.
33.1 (a)(1).
          In a similar case, the Dallas Court of Appeals determined that a defendant’s
failure to properly object waived his complaint about erroneous advice he received
that impacted his election as to who would assess his punishment. See, e.g., Payne
v. State, No. 05-91-01532-CR, (Tex. App.—Dallas April 26, 1993, no pet.) (not
designated for publication). We hold that appellant, by failing to properly object or
move for a mistrial, waived his complaint on appeal.
          We overrule appellant’s second point of error.

Conclusion
          We affirm the judgment of the trial court. 

                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.

Publish. Tex. R. App. P. 47.2(b).