COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
  
NO. 2-03-147-CR
 
 
JANN 
MARIE BOLES                                                              APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. INTRODUCTION
        A 
jury found Jann Marie Boles (“Boles”) guilty of driving while intoxicated 
(“DWI”), and the trial court assessed punishment at 90 days’ confinement, 
probated for two years, and a $400 fine. In two points, Boles argues that the 
trial court erred in failing to grant her motions to suppress.
II. STANDARD OF REVIEW
        We 
review a trial court’s ruling on a motion to suppress through a bifurcated 
standard of review; we give almost total deference to the trial court's express 
or implied determination of historical facts and review de novo the 
court's application of the law of search and seizure to those facts. State v. 
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). When the trial court does 
not make explicit findings of historical facts, we view the evidence in the 
light most favorable to the trial court's ruling and assume that the trial court 
made implicit findings of fact supporting its ruling, if those findings are 
supported by the record. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. 
Crim. App. 2000). In determining whether a trial court's decision is supported 
by the record, we generally consider only evidence adduced at the suppression 
hearing because the ruling was based on it rather than evidence that may have 
been introduced later. James v. State, 102 S.W.3d 162, 170 (Tex. 
App.—Fort Worth 2003, pet. ref’d).
III. MOTION TO SUPPRESS REGARDING BREATH TEST
        In 
her first point, Boles complains that the trial court erred in failing to grant 
her amended motion to suppress regarding her refusal[2]  
to provide a breath test. Before trial, Boles’s counsel moved to suppress 
Boles’s refusal, arguing that because Boles was misinformed regarding her 
ability to request a blood test after providing a breath test under section 
724.019 of the Texas Transportation Code, her refusal was involuntary. The trial 
court denied the motion.
        During 
trial, the intoxilyzer operator testified regarding Boles’s refusal without 
objection. After the close of evidence, and before the jury was charged, 
Boles’s counsel reurged the motion to suppress on additional grounds and 
requested a directed verdict on the motion. Specifically, Boles argued that 
because the State had not presented any testimony from a technical supervisor 
regarding the reliability or maintenance of the intoxilyzer, the breath test was 
not valid and Boles’s refusal of the test should have been suppressed. The 
trial court denied Boles’s request. On appeal, Boles argues that the “motion 
to suppress should have been granted . . . because this record reflects no 
testimony by a technical supervisor regarding the intoxilyzer, invalidating 
[her] attempted breath test.”[3]
        The 
State argues that because Boles failed to object regarding the lack of testimony 
by a technical supervisor when the intoxilyzer operator began testifying about 
her refusal, her motion was untimely. We agree. An objection must be made as 
soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); Lagrone 
v. State, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997), cert. denied, 
522 U.S. 917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 
1987). Here, Boles's “amended” motion to suppress was not brought to the 
trial court's attention until after the State had rested its case during the 
guilt-innocence stage of the trial. By that time, the intoxilyzer operator had 
testified extensively about Boles’s refusal. Because her motion to suppress on 
the additional ground was not timely, Boles did not preserve error on this 
issue.[4]  We overrule Boles’s first point of 
error.
IV. MOTION TO SUPPRESS REGARDING STOP
        In 
her second point, Boles complains that the trial court erred in failing to grant 
her motion to suppress based on an illegal stop that lead to her arrest. A 
police officer can stop and briefly detain a person for investigative purposes 
if the officer has a reasonable suspicion supported by articulable facts that 
criminal activity “may be afoot,” even if the officer lacks probable cause. Terry 
v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884 (1968); Brother v. State, 
85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.). While reasonable 
suspicion is a less demanding standard than probable cause, the Fourth Amendment 
requires at least a minimal level of objective justification for making the 
stop. United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585 
(1989); see U.S. Const. amend. IV. The justification for 
making the stop must amount to more than a mere hunch or suspicion. Davis v. 
State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). Reasonable suspicion 
exists if the officer has specific articulable facts that, when combined with 
rational inferences from those facts, would lead him to reasonably suspect that 
a particular person has engaged in, or is or soon will be engaging in, illegal 
conduct. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).
        The 
reasonableness of a given detention will turn on the totality of the 
circumstances in that particular case. Woods v. State, 956 S.W.2d 33, 38 
(Tex. Crim. App. 1997); State v. Sailo, 910 S.W.2d 184, 188 (Tex. 
App.—Fort Worth 1995, pet ref’d). The court's review is not limited to the 
violations an officer lists in making the stop. See James v. State, 102 
S.W.3d at 172. Rather, the test is whether the articulated facts about which the 
officer testified would, in light of the officer's experience and personal 
knowledge, together with inferences from those facts, warrant a reasonable 
person to believe that a violation had occurred. Pipkin v. State, 114 
S.W.3d 649, 653-54 (Tex. App.–Fort Worth 2003, no pet.).
        At 
the hearing on the motion, Officer Mack, the only witness, testified that he 
received a blanket police dispatch to respond to a possible DWI driver at a 
certain location. The dispatcher identified a small, gray Mercedes that was 
being followed by an eighteen wheeler, the driver of which called in the 
complaint. Officer Mack testified that he initiated a traffic stop after Boles, 
the driver of the Mercedes, failed to maintain a single lane and then, after 
several hundred more yards, crossed the solid white line. Officer Mack also 
testified that another police officer made contact with the driver of the 
eighteen-wheeler after the eighteen-wheeler stopped in the immediate vicinity of 
Officer Mack’s police unit. Officer Mack’s in-car video was also published 
to the court. In his argument on the motion, Boles’s counsel argued that 
“the driving exhibited on the tape are [sic] extremely minor traffic 
violations . . . and . . . are not sufficient justification for a stop.” On 
appeal, Boles argues that the stop was illegally based on (1) her failure to 
maintain a single lane because Officer Mack did not make any statements that she 
was also driving in an unsafe manner[5] and (2) her 
crossing of the solid line because it occurred after Officer Mack activated his 
lights.
        As 
to the second contention, Officer Mack’s in-car video clearly shows that Boles 
crossed the solid line before Officer Mack activated his lights. As to the first 
contention, the video also shows that during one of the times Boles veered into 
another lane of traffic, she nearly collided with another vehicle that was 
occupying the other lane. While the officer may not have testified at the 
hearing that veering into another lane of traffic on a highway is operating a 
vehicle in an unsafe manner, based on the evidence presented on the video, the 
trial court could reasonably so conclude. See Martinez v. State, 29 
S.W.3d 609, 611-12 (Tex. App.—Houston [1st Dist.] 2000. pet. ref’d). 
Moreover, to justify a stop, it was not necessary to show that Boles violated a 
traffic regulation. It was only necessary that Officer Mack reasonably believed 
that a violation was in progress. See Powell v. State, 5 S.W.3d 369, 377 
(Tex. App.—Texarkana 1999, pet. ref’d) cert denied, 529 U.S. 1116 
(2000).
        Therefore, 
applying great deference to the trial court's determination of historical facts 
and judgment of Officer Mack’s credibility and considering the totality of the 
circumstances, we hold that the trial court did not abuse its discretion in 
denying Boles’s motion to suppress. We overrule Boles’s second point.
V. CONCLUSION
        Having 
overruled Boles’s points on appeal, we affirm the trial court’s judgment.
 
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 8, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
After initially refusing to provide a breath sample, Boles agreed to submit to a 
breath test, but then refused to blow enough air into the intoxilyzer machine to 
provide a sufficient sample, which the officer administering the test 
characterized as a refusal.
3.  
On appeal, Boles does not argue as she did pretrial that misinformation caused 
her to involuntarily refuse the test. We will not, therefore, address the denial 
of her motion to suppress on that basis. See Tex. R. App. P. 38.1(g).
4.  
It is generally accepted that when a court overrules a pretrial motion to 
suppress evidence, the defendant need not subsequently object to the admission 
of the same evidence to preserve error. Garza v. State, 126 S.W.3d 79, 81 
(Tex. Crim. App. 2004). Here, however, Boles's pretrial motion to suppress was 
based on one ground, and her amended motion to suppress was based on another 
ground. Therefore, the trial court’s denial of her pretrial motion did not 
preserve the error she complained about after the close of evidence. See 
Thomas v. State, 884 S.W.2d 215, 216 (Tex. App.—El Paso 1994, pet. ref’d).
5.  
See Hernandez v. State, 983 S.W.2d 867, 871 (Tex. App.—Austin 1998, 
pet. ref’d) (holding that a violation of section 545.060(a)(2) of the Texas 
Transportation Code occurs only when (1) a vehicle fails to maintain a single 
lane and (2) such movement is not safe or is not made safely).