Opinion issued March 17, 2005









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01243-CR




RYAN WILLIAM MADDEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 917531




DISSENTING OPINIONI respectfully dissent. I would hold that there was insufficient evidence to raise
a fact issue as to the illegality of the search; thus the trial court did not err in refusing
to grant an Article 38.23(a) instruction. I would affirm the judgment of the trial court.
 
          Introduction
          Appellant’s theory of the case, as explained in the defense’s opening argument
at trial, was not that appellant was not guilty, but that the evidence of his guilt was
illegally obtained. Although appellant filed a pre-trial motion to suppress the
evidence of narcotics, he failed to set the motion for hearing prior to trial. Instead, he
waited until the officers had testified at trial about the traffic stop, the facts giving rise
to Officer Lily’s suspicion that appellant was engaged in illegal activities, appellant’s
detention to permit a drug-sniffing dog to be brought to the scene, the dog’s alerting
to the trunk of appellant’s rental car, the search of the trunk, and the discovery of the
cocaine. A videotape of appellant’s behavior at the scene had been admitted into
evidence, and testimony had been received regarding the seizure, chain of custody,
and composition of the three kilograms of cocaine found in appellant’s trunk.
          Only when the State sought to admit the cocaine into evidence did appellant’s
counsel object and request that the jury be excused before he stated the grounds of his
objection. The court immediately recessed the jury and held a hearing on appellant’s
motion to suppress the cocaine on the ground that “this is the fruits of an illegal
search based upon without [sic] probable cause, without reasonable suspicion and in
the excessive detention and we object to it and we assert that it should be
suppressed.” After hearing the arguments of counsel, the court denied the motion to
suppress and admitted the cocaine into evidence.
          The defendant requested that the trial court instruct the jury both as to (1) its
right to disregard evidence obtained without probable cause to stop appellant’s
vehicle for a traffic violation and (2) its right to disregard the narcotics evidence if
they found that Officer Lily lacked reasonable suspicion to continue the detention
beyond the traffic stop for a narcotics search. The trial court denied appellant’s
proferred instruction regarding reasonable suspicion to continue detention, which
would have instructed the jury that if they found that the vehicle appellant was
driving had been “stopped by a police officer in a bona fide stop or arrest for the
traffic offense of speeding, and that the officer, while questioning the driver of the
said vehicle concerning the traffic offense, acquired reasonable suspicion to believe
and did believe that a narcotics offense was being committed, whereupon he
continued the detention of [appellant] and the vehicle beyond the time necessary to
effect the investigation for speeding,” they could “consider the evidence obtained by
the search of the suspect vehicle,” and, if they did “not so find beyond a reasonable
doubt,” or if they had “a reasonable doubt thereof,” they should “wholly disregard
such evidence recovered in the search of the vehicle, and not consider it as any
evidence whatsoever.” The jury convicted appellant, and this appeal ensued.
          
          Jury Charge
          In his third point of error, appellant contends that the trial court erred by
denying his request for an Article 38.23(a) instruction regarding the legality of
appellant’s continued detention after Lily had ended his investigation of appellant’s
speeding. 
          Article 38.23 (a) provides as follows:
(a) No evidence obtained by an officer or other person in violation of
any provisions of the Constitution or laws of the State of Texas, or of
the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal
case. In any case where the legal evidence raises an issue hereunder,
the jury shall be instructed that if it believes, or has a reasonable doubt,
that the evidence was obtained in violation of the provisions of this
article, then and in that event, the jury shall disregard any such evidence
so obtained. 

Tex. Code Crim. Proc. Ann. art. 38.23 (a) (Vernon Supp. 2004) (emphasis added). 
 The question, therefore, is whether the legal evidence raises an issue as to whether
the cocaine was obtained in violation of law, specifically through an illegal detention
to search for narcotics. Appellant argues that because there were disputed facts
regarding his detention, an Article 38.23(a) instruction was required to inform the
jury of their right to disregard the evidence of the fruits of the search if they found the
detention unreasonable. I disagree with appellant and with the majority that the
disputed evidence raises a fact issue as to whether Officer Lily had reasonable
suspicion to prolong the detention, warranting an Article 38.23(a) instruction.
          Garza v. State, 126 S.W.3d 79, 84-85 (Tex. Crim. App. 2004), and Thomas v.
State, 884 S.W.2d 215, 216-17 (Tex. App.— El Paso 1994, pet. ref’d) (discussed in
Garza, 126 S.W.3d at 84), are both strikingly similar to this case. In Garza, the
petitioner argued to the Court of Criminal Appeals that the trial court had erred in
denying his request for an Article 38.23 jury instruction regarding the legality of the
search of his van, in which cocaine was found. Garza, 126 S.W.3d at 85. The Court
of Criminal Appeals disagreed. While acknowledging that “[a] fact issue about
whether evidence was illegally obtained may be raised ‘from any source, and the
evidence may be strong, weak, contradicted, unimpeached, or unbelievable,’” — as
the majority in this case observes—the court nonetheless specifically noted “that an
Article 38.23 instruction must be included in the jury charge only if there is a factual
dispute about how the evidence was obtained.” Id. (quoting Wilkerson v. State, 933
S.W.2d 276, 280 (Tex. App. — Houston [1st Dist.] 1996, pet. ref’d). 
          The Garza court held that since the defendant’s testimony did not “‘differ
significantly’ from that of the officers” as to “how the officers discovered the drugs
and the paraphernalia,” suggestions by the defendant’s counsel that the officers were
on a fishing expedition did not “rise to the level of creating a fact issue.” Id. at 86. 
It stated, “That appellant ‘disagrees with the conclusion that probable cause was
shown as a matter of law” is not the same as appellant controverting the facts. . . . 
The question of whether the search was legal is a question of law, as none of the
circumstances surrounding the search were controverted by appellant.” Id. (emphasis
in original).
          Similarly, in Thomas, the defendant was arrested after a weapons search of his
body resulted in the discovery of contraband; the facts of the case showed that, in the
process of searching the defendant’s outer clothing for a weapon, the officer had
developed probable cause to search defendant’s pockets for contraband. Therefore,
the court held that the defendant’s request for an Article 38.23(a) instruction on
grounds that the search went beyond the legal scope of the detention was properly
denied. Thomas, 884 S.W.2d at 215(cited favorably in Garza, 126 at 86-87). 
          In this case, likewise, there is no factual dispute sufficient to raise an issue for
the jury as to whether Officer Lilly had reasonable suspicion to continue appellant’s
detention. There is only a dispute over whether the videotape is sufficiently clear in
showing that appellant’s hands were not shaking to refute Officer Lily’s testimony
that appellate was nervous and his hands were shaking. As the Court of Criminal
Appeals observed in Garza, “That appellant ‘disagrees with the conclusion that
probable cause was shown as a matter of law” is not the same as appellant’s
controverting the facts of the search. See 26 S.W.3d at 86. Even if there is a dispute
over appellant’s visible nervousness, hence over Officer Lily’s credibility in this
regard, this dispute is not enough to raise a fact issue as to the legality of the search.
          A routine traffic stop is a detention and must be reasonable under both the
United States and Texas constitutions. See Davis v. State, 947 S.W.2d 240, 245 (Tex.
Crim. App. 1997). To be reasonable, a traffic stop must be temporary and last no
longer than is necessary to effectuate the purpose of the stop. See Florida v. Royer,
460 U.S. 491, 500, 103 S. Ct. 1319, 1325 (1983); Davis, 947 S.W.2d at 243, 245. In
making an investigatory detention that stops short of an arrest, the officer’s action
must be supported by reasonable suspicion to believe that the person or is about to
be engaged in criminal activity. United States v. Arvizu, 534 U.S. 266, 273 122 S. Ct.
744, 750 (2002). To make a reasonable-suspicion determination, the court must look
at the “totality of the circumstances” of the case to see whether the detaining offer had
a “particularized and objective basis” for suspecting legal wrongdoing. Id. at 273,
122 S. Ct. at 750; see also $217,950.00 In United States Currency v. State, 54 S.W.3d
918, 924 (Tex. App.—Corpus Christi 2001, no pet.) (stop based on traffic violation
will not justify continued detention to await arrival of drug-detection dog unless
officer has specific articulable facts which, under totality of circumstances, raise
reasonable suspicion that vehicle contains contraband); Veal v. State, 28 S.W.3d 832,
835 (Tex. App.—Beaumont 2000, pet. ref’d). Although an officer’s reliance on a
mere “hunch” is insufficient to justify an investigatory detention, the likelihood of
criminal activity need not rise to the level required for probable cause and falls
considerably short of the preponderance of the evidence standard. Arvizu, 534 U.S.
at 274, 122 S. Ct. at 751. The standard of review of reasonable suspicion
determinations is de novo. Id. at 276, 122 S. Ct. at 751.
          In Arvizu, the Supreme Court held that a border patrol agent had reasonable
suspicion for an investigatory stop of the defendant’s minivan where (1) the stop
occurred in a remote area of rural Arizona; (2) it was reasonable for the agent to infer
from his observations, his registration check, and his experience that the defendant
had set out from a border town along a little-traveled road used by smugglers to avoid
a border patrol checkpoint; (3) the vehicle had turned away from known recreational
areas, diminishing the chance that the defendant and his family were on a picnic; (4)
the children’s elevated knees suggested concealed cargo; and (5) the children’s
prolonged mechanical waving was odd. Id. at 277, 122 S. Ct. at 752-53.
          Here, Lily testified to six facts that led to his suspicion that appellant’s vehicle
contained contraband: (1) the diversionary tactics taken by the GMC Jimmy, which
were consistent with the tactics used by drug convoys; (2) appellant’s nervousness,
including his hands shaking and his face trembling; (3) appellant’s uncertainty about
his whereabouts while in the state; (4) appellant’s statement that he had only been
arrested for DWI when he had also been arrested for larceny; (5) the fact that the
rental agreement for the vehicle had expired; and (6) the conflicts among appellant’s
statement that he was traveling alone and had stayed with his family, the statements
of the two men in the GMC Jimmy, and appellant’s revised statement regarding his
stay in the State.


 The only one of these factors as to which there was conflicting
evidence was Officer Lily’s testimony regarding appellant’s nervousness, which
appellant contends was refuted by the videotape of his arrest. 
          The facts in this case are very similar to those in Arvizu and almost identical
to those this court found to be sufficient to establish reasonable suspicion in Sims v.
State. 98 S.W.3d 292, 296-97 (Tex. App.—Houston [1st Dist] 2003, pet. ref’d). In
Sims, we found that a reasonable suspicion of criminal behavior was justified when
(1) another car was traveling in an erratic manner in front of the officer in an apparent
attempt to distract the officer; (2) the car contained a “large amount” of air fresheners;
(3) the driver of the car was “extremely nervous”; (4) the driver hesitated before she
spoke, and the trooper believed that her explanation of where she had come from was
internally inconsistent; (5) when the trooper asked the driver to step out from between
the cars, she put her hands up as if she were being placed under arrest; and (6) the
driver was driving a rental van and was unable to provide the rental agreement
paperwork. In both Arvizu and Sims, applying the totality of the circumstances test,
the court found that the officer had reasonable suspicion to detain the driver and the
vehicle for a narcotics search.
          Appellant relies upon Veal v. State to support his argument that Lily lacked
reasonable suspicion to detain him long enough for a narcotics dog to sniff the
vehicle. Veal v. State, 28 S.W.3d at 836-37. Veal, however, is distinguishable. In
Veal, the court held that, although the officer’s testimony that he observed the
defendant’s vehicle abruptly change lanes without signaling and then stop while still
in the lane of travel on an interstate highway demonstrated an objectively valid reason
for stopping him, despite evidence of a somewhat pretextual nature of the stop, the
defendant’s wearing a dress shirt and tie late at night, driving from Houston, and
taking several seconds to answer where he had eaten that night did not give rise to a
reasonable suspicion of criminal activity justifying an investigatory detention. Id. at
837. 
          As in Arvizu and Sims, while each of the facts Lily testified to here, standing
alone, might not give him reasonable suspicion that appellant was involved in some
form of criminal activity, the totality of the circumstances plainly supports a finding
of reasonable suspicion of such activity, even if the jury were to decide that the
videotape refuted Officer Lily’s testimony that appellant was nervous.
          An Article 38.23(a) instruction is given only when the legal evidence raises an
issue as to whether evidence was obtained by an officer or other person in violation
of a provision of law. See Tex. Code Crim. Proc. Ann. art. 38.23 (a). Here, even
the jury’s determination that the videotape did not show appellant’s nervousness
would not be enough to show that Officer Lilly lacked reasonable suspicion to
continue to detain appellant after the traffic stop ended. Since appellant did not raise
an issue as to the legality of his continued detention for a narcotics search, the
proferred instruction to the jury to disregard evidence obtained if they found Officer
Lily lacked reasonable suspicion to continue the detention would have been
improper.


 
          I would hold that the trial court did not err in denying an Article 38.23(a)
instruction regarding reasonable suspicion to continue detention. If, however, it was
error to fail to charge the jury under Article 38.23(a), I would hold that the error was
harmless because five of the six reasons the trooper gave justifying the detention were
sufficient as a matter of law.
          Conclusion
          I would overrule appellant’s third point of error.
          I would affirm the judgment of the trial court. 
 
                                                             Evelyn Keyes
                                                             Justice

Panel consists of Justices Taft, Nuchia, and Keyes.

Publish. Tex. R. App. P. 47.2(b).