Boles v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-147-CR

JANN MARIE BOLES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  I
NTRODUCTION 

A jury found Jann Marie Boles (“Boles”) guilty of driving while intoxicated (“DWI”), and the trial court assessed punishment at 90 days’ confinement, probated for two years, and a $400 fine.  In two points, Boles argues that the trial court erred in failing to grant her motions to suppress. 

II.  STANDARD OF REVIEW 

We review a trial court’s ruling on a motion to suppress through a bifurcated standard of review; we give almost total deference to the trial court's express or implied determination of historical facts and review 
de novo
 the court's application of the law of search and seizure to those facts.  
State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).
  
When the trial court does not make explicit findings of historical facts, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supporting its ruling, if those findings are supported by the record.  
Carmouche v. State
, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).  In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence that may have been introduced later. 
 James v. State
, 102 S.W.3d 162, 170 (Tex. App.—Fort  Worth 2003, pet. ref’d).

III.  MOTION TO SUPPRESS REGARDING BREATH TEST 

In her first point, Boles complains that the trial court erred in failing to grant her amended motion to suppress regarding her refusal
(footnote: 2) to provide a breath test.  Before trial, Boles’s counsel moved to suppress Boles’s refusal, arguing that because Boles was misinformed regarding her ability to request a blood test after providing a breath test under section 724.019 of the Texas Transportation Code, her refusal was involuntary.  The trial court denied the motion. 

During trial, the intoxilyzer operator testified regarding Boles’s refusal without objection.  After the close of evidence, and before the jury was charged, Boles’s counsel reurged the motion to suppress on additional grounds and requested a directed verdict on the motion.  Specifically, Boles argued that because the State had not presented any testimony from a technical supervisor regarding the reliability or maintenance of the intoxilyzer, the breath test was not valid and Boles’s refusal of the test should have been suppressed.  The trial court denied Boles’s request.  On appeal, Boles argues that the “motion to suppress should have been granted . . . because this record reflects no testimony by a technical supervisor regarding the intoxilyzer, invalidating [her] attempted breath test.”
(footnote: 3)
 The State argues that because Boles failed to object regarding the lack of testimony by a technical supervisor when the intoxilyzer operator began testifying about her refusal, her motion was untimely.  We agree.  An objection must be made as soon as the basis for the objection becomes apparent.  
Tex. R. Evid.
 103(a)(1);
 Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987)
.  Here, 
Boles's “amended” motion to suppress was not brought to the trial court's attention until after the State had rested its case during the guilt-innocence stage of the trial.  By that time, 
the intoxilyzer operator had testified extensively about Boles’s refusal
.  Because her motion to suppress on the additional ground was not timely, Boles did not preserve error on this issue
.
(footnote: 4)  We overrule Boles’s first point of error.     

IV.  MOTION TO SUPPRESS REGARDING STOP

In her second point, Boles complains that the trial court erred in failing to grant her motion to suppress based on an illegal stop that lead to her arrest.  A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity “may be afoot,” even if the officer lacks probable cause.  
Terry v. Ohio, 
392 U.S. 1, 30, 88 S.Ct. 1868, 1884 (1968); 
Brother v. State
, 85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.).  
While reasonable suspicion is a less demanding standard than probable cause, the Fourth Amendment requires at least a minimal level of objective justification for making the stop. 
 United States v. Sokolow
, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585 (1989); 
see 
U.S. Const
. amend. IV.  The justification for making the stop must amount to more than a mere hunch or suspicion. 
 Davis v. State
, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997).  Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged in, or is or soon will be engaging in, illegal conduct. 
 Garcia v. State
, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  

The reasonableness of a given detention will turn on the totality of the circumstances in that particular case.  
Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); 
State v. Sailo
, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet ref’d).  The court's review is not limited to the violations an officer lists in making the stop.  
See James v. State
, 102 S.W.3d at 172.  Rather, the test is whether the articulated facts about which the officer testified would, in light of the officer's experience and personal knowledge, together with inferences from those facts, warrant a reasonable person to believe that a violation had occurred.  
Pipkin v. State
, 114 S.W.3d 649, 653-54 (Tex. App.–Fort Worth 2003, no pet.).

At the hearing on the motion, Officer Mack, the only witness, testified that he received a blanket police dispatch to respond to a possible DWI driver at a certain location.
  The dispatcher identified a small, gray Mercedes that was being followed by an eighteen wheeler, the driver of which called in the complaint.  Officer Mack testified that he initiated a traffic stop after Boles, the driver of the Mercedes, failed to maintain a single lane and then, after several hundred more yards,
 crossed the solid white line.  Officer Mack also testified that another police officer made contact with the driver of the eighteen-wheeler after the eighteen-wheeler stopped in the immediate vicinity of Officer Mack’s police unit. Officer Mack’s in-car video was also published to the court.  In his argument on the motion, Boles’s counsel argued that “the driving exhibited on the tape are [sic] extremely minor traffic violations . . . and . . . are not sufficient justification for a stop.”  On appeal, Boles argues that the stop was illegally based on
 (1) her failure to maintain a single lane because Officer Mack did not make any statements that she was also driving in an unsafe manner
(footnote: 5) and (2) her crossing of the solid line because it occurred after Officer Mack activated his lights.
 

As to the second contention, Officer Mack’s in-car video clearly shows that Boles crossed the solid line before Officer Mack activated his lights.  
As to the first contention, the video also shows that during one of the times Boles veered into another lane of traffic, she nearly collided with another vehicle that was occupying the other lane.  While the officer may not have testified at the hearing that veering into another lane of traffic on a highway is operating a vehicle in an unsafe manner, based on the evidence presented on the video, the trial court could reasonably so conclude.  
See Martinez v. State
, 29 S.W.3d 609, 611-12 (Tex. App.—Houston [1st Dist.] 2000. pet. ref’d).  Moreover, to justify a stop, it was not necessary to show that Boles violated a traffic regulation.  It was only necessary that Officer Mack reasonably believed that a violation was in progress.  
See Powell v. State
, 5 S.W.3d 369, 377 (Tex. App.—Texarkana 1999, pet. ref’d) 
cert denied
, 529 U.S. 1116 (2000). 

Therefore, applying great deference to the trial court's determination of historical facts and judgment of Officer Mack’s credibility and considering the totality of the circumstances, we hold that the trial court did not abuse its discretion in denying Boles’s motion to suppress.   We overrule Boles’s second point.
 
 

V.  CONCLUSION 

Having overruled Boles’s points on appeal, we affirm the trial court’s judgment.  

BOB MCCOY JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 8, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2: After initially refusing to provide a breath sample, Boles agreed to submit to a breath test, but 
then refused to blow enough air into the intoxilyzer machine to provide a sufficient sample
, which the officer administering the test characterized as a refusal.

3: 
On appeal, Boles does not argue as she did pretrial that misinformation caused her to involuntarily refuse the test.  We will not, therefore, address the denial of her motion to suppress on that basis.  
See 
Tex. R. App. P.
 38.1(g).

4: It is generally accepted that when a court overrules a pretrial motion to suppress evidence, the defendant need not subsequently object to the admission of the same evidence to preserve error
.  
Garza v. State
, 126 S.W.3d 79, 81 (Tex. Crim. App. 2004).  Here, however, Boles's pretrial motion to suppress was based on one ground, and her amended motion to suppress was based on another ground.  Therefore, the trial court’s denial of her pretrial motion did not preserve the error she complained about after the close of evidence.  
See Thomas v. State
, 884 S.W.2d 215, 216 (Tex. App.—El Paso 1994, pet. ref’d).  

5: 
See Hernandez v. State
, 983 S.W.2d 867, 871 (Tex. App.—Austin 1998, pet. ref’d) (holding that a violation of section 545.060(a)(2) of the Texas Transportation Code occurs only when (1) a vehicle fails to maintain a single lane and (2) such movement is not safe or is not made safely).