**Peggy Short NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60997.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 9, 1981.

Mike Aranson, Dallas, for appellant.

Henry Wade, Dist. Atty., and Maridell Templeton and Randy Biddle, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

OPINION

ROBERTS, Judge.

The trial court found the appellant guilty of theft, a class B misdemeanor, and assessed a punishment of sixty days in jail (probated) and a fine of one hundred dollars.

The only ground of error set forth is, "The trial court erred in denying Appellant's motion to suppress evidence." This ground was not preserved for review because the motion to suppress evidence was presented to the trial court untimely, if at all.

The record contains a written "Motion to Suppress and Motion to Dismiss," which both were based on the violation of V.A.C. C.P. Article 18.16. They moved that the allegedly stolen sunglasses be suppressed because of an illegal search and seizure, and that the charge be dismissed because of a due process violation. These motions lay dormant. No pre-trial hearing was held. The sunglasses were admitted into evidence without objection, other than an objection to the chain of custody. Only after the State rested its case did the appellant "urge its motion." The court recessed to study the law. When the trial resumed, the following occurred:

"THE COURT: What was your motion?

"MR. ARANSON: All right, Your Honor, if I may reiterate, at that point, Your Honor,—

"THE COURT: That's your Motion to Dismiss, is that correct?

"MR. ARANSON: Yes, and it's also, Your Honor,—of course, upon the State resting, we reurge our motion on the basis that there's no evidence before the Court that the State complied in any way with Article 18.16 of the Code of Criminal Procedure.

\*　　\*　　\*　　\*　　\*　　\*

"THE COURT: You're talking about—Well, I'm going to deny the Defendant's Motion to Dismiss.

"MR. ARANSON: All right.

"THE COURT: What says the defense now?

"MR. ARANSON: The defense says that we are ready to proceed, Your Honor. Certainly take exception to the Court's ruling on our motion."

The record indicates that the appellant presented, and obtained a ruling on, only her motion to dismiss—not on her motion to suppress evidence. Even if we could find that the motion to suppress had been presented at the same time, it would have been too late. *Thompson v. State*, 486 S.W.2d 343, 344 (Tex.Cr.App.1972). The ground was not preserved for review.

The judgment is affirmed.