In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00914-CR
____________

ANSELMO RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 400th District Court 
Fort Bend County, Texas
Trial Court Cause No. 33848a



O P I N I O N
          In a bench trial, the court found appellant, Anselmo Rodriguez, guilty of felony
possession of a controlled substance and assessed punishment at 25 years’
confinement. In his sole point of error, appellant contends that the trial court erred
when it denied his motion to suppress. We affirm.
 
Background
           In response to complaints about street traffic and drug trafficking, a detective
with the Fort Bend County Sheriff’s office investigated appellant by conducting
surveillance of his trailer home on four separate occasions. One evening, during the
surveillance of appellant’s trailer, the detective observed 27 vehicles come and go
from the trailer in a 90-minute period. Each vehicle was parked at appellant’s trailer
for about two minutes. As each vehicle drove up, appellant would walk up to the
vehicle, lean into the window, and then turn and go back into the trailer. 
          On October 12, 2000, the detective drove to appellant’s trailer. While the
detective was parked in appellant’s driveway, appellant came out of the trailer and
approached the car. The detective never knocked on appellant’s door or tried to get
appellant’s attention. The detective identified himself and asked appellant for some
identification. Appellant retrieved his identification from the trailer and presented it
to the detective. The detective then informed appellant of the neighbors’ complaints,
which appellant acknowledged. The detective then asked appellant if he had any
drugs in the house, and appellant responded that he had some “coke” for personal use. 
Appellant volunteered to get the drugs. Appellant went back into the trailer and
retrieved a baggie of material that tested positive for cocaine. As a result, the
detective arrested appellant for possession of cocaine and secured the premises while
a search warrant was obtained. 
          Two hours later, with a signed search warrant, the detective searched
appellant’s trailer home and found 25 additional grams of cocaine.
Motion to Suppress
          Appellant filed a motion to suppress the evidence found at his trailer home,
alleging that the address on the warrant was erroneous and that the detective did not
have probable cause to support the search warrant. The trial court did not rule on the
motion to suppress. In his sole point of error, appellant contends that the trial court
erred when it failed to suppress evidence obtained pursuant to a search warrant issued
upon a supporting affidavit that lacked probable cause.
          When no adverse ruling on the motion to suppress is obtained and the evidence
is admitted into evidence without objection, no error is preserved for review. Nelson
v. State, 626 S.W.2d 535, 536 (Tex. Crim. App. [Panel Op.] 1981); Sims v. State, 833
S.W.2d 281, 284 (Tex. App.—Houston [14th Dist.] 1992, pet. ref’d). Even when an
adverse ruling has been obtained, if during trial the defendant affirmatively asserts
he has “no objection” to the admission of the complained of evidence, then he waives
any error in the admission of the evidence despite the pre-trial ruling. Dean v. State,
749 S.W.2d 80, 82-83 (Tex. Crim. App. 1988) (en banc).
          In this case, no hearing was held regarding the motion to suppress. 
Furthermore, in each instance when evidence was admitted, the defense counsel
stated, “We have no objection.” As a result, the crime lab report, a beaker and cup
with cocaine residue, cocaine, and crack cocaine all found at appellant’s trailer home
were admitted into evidence.


 Thus, even if the trial court had denied appellant’s 
motion to suppress, appellant affirmatively waived any error in the admission of the
evidence. We overrule appellant’s sole point of error.Conclusion
          We affirm the judgment of the trial court.
 
                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Keyes, and Duggan.


 
Do not publish. Tex. R. App. P. 47.