Affirmed and Memorandum Opinion filed May 27, 2004









Affirmed and Memorandum Opinion filed May 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01235-CR

____________

 

CHRIS ANTHONY ROBINSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th District
Court

Harris County, Texas

Trial Court Cause No.
877,593

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of
aggravated kidnapping.  On November 22,
2002, the trial court sentenced appellant to confinement for 45 years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a pro se notice of appeal.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant
filed a response, in which he raises the following issues: (1) the evidence is
legally insufficient to support a conviction for aggravated kidnapping; (2)
appellant was denied the effective assistance of counsel, (3) the trial court
erred in considering accusations made by a co-defendant; and (4) the trial
court erred in convicting appellant of an offense not charged in the
indictment. 

We consider appellant=s first and fourth issues
together.  Appellant claims the evidence
is insufficient to support a conviction for aggravated kidnapping because the
indictment only charged him with kidnapping, not aggravated kidnapping.  Appellant further claims that, because the
indictment did not charge him with aggravated kidnapping, the trial court erred
in convicting appellant of the offense of aggravated kidnapping.  Appellant was charged with the offense of
capital murder, but he entered a plea in exchange for a reduction in the charge
to aggravated kidnapping.  The indictment
charged appellant with intentionally causing the death of Joana Rodriguez by
strangling her with a rope while in the course of committing the kidnapping of
Joana Rodriguez.  Thus, kidnapping was
not the charged offense; rather, kidnapping was an element of the charge for capital
murder.  








A judicial confession, standing alone, constitutes sufficient
evidence to support the conviction.  See
Tex. Code Crim. Proc. Ann. art.
1.15 (Vernon Supp. 2004); Lord v. State, 63 S.W.3d 87, 92 (Tex. App.BCorpus Christi 2001, no pet.).  During the plea hearing, appellant agreed he
understood the reduction in charge to aggravated kidnapping and he pled guilty
to that offense, indicating he understood the consequences of his plea.  Thus, the record does not support appellant=s assertion that he did not
understand the plea or charge of aggravated kidnapping.  The record contains a document entitled, AWaiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession,@ which appellant signed, indicating
his confession to aggravated kidnapping. 
The voluntary plea and written stipulation of evidence are sufficient to
support his conviction for aggravated kidnapping.     

Appellant further challenges his conviction by claiming the
offense with which he was convicted varies from the one charged in the
indictment.  Although a variance between
the indictment and the evidence is generally fatal to a conviction, this is
true only if the variance is material and prejudices the defendant=s substantial rights.  Lord, 87 S.W.3d at 92.  The indictment in this case, charged
appellant with committing capital murder by intentionally causing the death of
the victim while in the course of kidnapping the victim.  Appellant pled guilty to the lesser charge of
aggravated kidnapping and this judicial confession is sufficient to support the
conviction.  Moreover, appellant was
neither surprised by, nor misled to his detriment, by the reduction in the
charged offense from capital murder to aggravated kidnapping.  He was advised of the reduction in charge, he
agreed to the plea on the lesser charge, and he signed the admonitions and
stipulation of evidence.  Appellant did
not object to proceeding on the lesser charge of aggravated kidnapping, and in
fact, he obtained a benefit from the reduction in charge by avoiding the more
stringent sentence required by capital murder. 
Accordingly, we find no merit to issues one and four. 

In his second issue, appellant contends his attorney was
ineffective by failing to discover that the prosecutor=s promise of leniency was false.  Appellant claims his trial counsel should have
cross-examined prosecutors regarding discussions with appellant in interviews
prior to trial and about appellant=s role in assisting the authorities
in capturing his accomplices.  Appellant
further claims his counsel misrepresented the length of sentence appellant
might receive in exchange for his testimony at a co-defendant=s trial and for pleading guilty.  








To show ineffective assistance of counsel, an appellant must
demonstrate that (1) counsel=s representation fell below an objective standard of
reasonableness, and (2) but for counsel=s errors, there is a reasonable
probability the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S.
668, 687-88 (1984).  Appellant must
establish both prongs of the Strickland test by a preponderance of the
evidence.  Id. at 694, 700; Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  There is a strong presumption that counsel=s performance was within the range of
reasonable professional assistance, and we must look to the Atotality of the representation and
the particular circumstances of each case@ in reviewing counsel=s effectiveness.  Thompson, 9 S.W.3d at 813.

The decision whether to cross-examine witnesses is a matter
of trial strategy.  Valdes-Fuerte v.
State, 892 S.W.2d 103, 222 (Tex. App.BSan Antonio 1994, no pet.).  The record in this case is silent as to trial
counsel=s strategy.  We may not speculate about counsel=s actions when the record is silent
as to counsel=s strategy.  See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).

Furthermore, nothing in the record supports appellant=s assertions that he was promised
leniency if he testified at a co-defendant=s trial.  However, the record shows that the trial
judge considered appellant=s remorse and his testimony in sentencing appellant to 45
years.  The possible sentence for
aggravated kidnapping is 5 to 99 years.  Tex. Pen. Code Ann. ' 12.32(a) (Vernon 2003).  The sentence for capital murder, the offense
with which appellant was originally charged, carries a possible sentence of
life imprisonment or death.  Id.
at ' 12.31(a).  Accordingly, the record reflects that
appellant=s testimony in the co-defendant=s case resulted in a reduced charge
and a reduced sentence.  Appellant has
not established that counsel=s representation was ineffective.

Finally, appellant claims the trial court erred in
considering the evidence from other cases. 
Appellant did not object to the State=s request that the judge take
judicial notice of the two prior trials. 
To preserve error, the record must show that appellant made a timely
request, objection, or motion, and that the trial court ruled on it.  TEX.R.APP. P. 33.1(a)(1);  Nelson v. State, 626 S.W.2d. 535, 536
(Tex.Crim.App.1981).  Because appellant
failed to preserve error, he waived any error in the admission of this
evidence.








We have carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit. 
Further, we find no reversible error in the record

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed May 27, 2004.

Panel consists of Justices Fowler,
Edelman, and Seymore. 

Do Not Publish C Tex. R. App. P. 47.2(b).