COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-287-CR
 
  
LISA 
MARLENE BELL                                                              APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Lisa Marlene Bell appeals her conviction for driving while intoxicated.  A 
jury found Bell guilty, and the trial court sentenced her to one hundred twenty 
days’ confinement and assessed a $2,000 fine.  Two issues are presented 
on appeal: (1) whether the trial court erred by overruling Bell’s motion to 
suppress evidence; and (2) whether the trial court erred by failing to instruct 
the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure as 
Bell requested.  We will affirm.
        On 
January 3, 2003, University of North Texas patrol officer John Hester observed a 
red Nissan automobile weaving in and out of its lane of traffic and following 
closely behind a U-Haul truck.  Officer Hester followed the automobile for 
three blocks and observed it drift outside of its lane of traffic and cross over 
into the opposite lane of traffic.  Officer Hester initiated a traffic stop 
and made contact with the driver of the red Nissan.
        The 
driver of the automobile was identified by her driver’s license as Lisa 
Bell.  As Officer Hester talked with Bell, who remained seated in the 
automobile, he noticed the smell of alcohol emanating from the automobile.  
He also observed that Bell’s eyes were glassy and that her speech was a little 
slurred. Bell explained to Officer Hester that she had come from a party at 
TJ’s Pizza and Pub and that she had consumed two to three beers and a couple 
of shots.  At that point, Officer Hester asked Bell to step out of the 
automobile so that he could administer several field sobriety tests.
        Officer 
Hester administered the HGN test, which indicated that Bell was 
intoxicated.  Officer Hester attempted to administer additional field 
sobriety tests, but Bell refused to comply.  Officer Hester then arrested 
Bell for driving while intoxicated and transported her to the Denton County 
jail.  In March 2004, a jury found Bell guilty of the misdemeanor offense 
of driving while intoxicated; this appeal followed.
        In 
her first issue, Bell contends that the trial court erred by denying her motion 
to suppress evidence because Officer Hester’s initial traffic stop was 
unlawful.  This issue is not preserved for our review.  The mere 
filing of a motion to suppress without obtaining a pretrial hearing or ruling 
does not preserve error.  Nelson v. State, 626 S.W.2d 535, 535-36 
(Tex. Crim. App. [Panel Op.] 1981); Thomas v. State, 884 S.W.2d 215, 216 
(Tex. App.—El Paso 1994, pet. ref’d).  In order to preserve error for 
appeal, an appellant must either urge his motion to suppress before the evidence 
at issue is admitted or make a timely objection when the State attempts to 
introduce the evidence.  Nelson, 626 S.W.2d at 535-36; Thomas, 
884 S.W.2d at 216-17.  Bell filed a pretrial motion to suppress all 
evidence obtained as a result of her initial detention, stop, arrest, and search 
and seizure, but she did not obtain a ruling on it until after the close of the 
State’s evidence.  Additionally, Bell did not object to the introduction 
of the evidence her motion sought to suppress when that evidence was introduced 
by the State.  As a result, we hold that Bell forfeited this issue.  See 
Nelson, 626 S.W.2d at 535-36 (holding defendant failed to preserve error 
when she failed to object to admission of evidence and failed to obtain a ruling 
on her motion to suppress evidence before that evidence was admitted).  
Accordingly, we overrule Bell’s first issue.
        In 
her second issue, Bell complains that the trial court erred by refusing to 
instruct the jury pursuant to article 38.23 of the Texas Code of Criminal 
Procedure.  Tex. Code Crim. Proc. 
Ann. art. 38.23 (Vernon Supp. 2004-05).  Article 38.23 provides that 
no evidence obtained in violation of state or federal laws or constitutions may 
be admitted into evidence against an accused at the trial of any criminal 
case.  Id.  When an issue of fact exists concerning the 
legality of an automobile stop, the defendant has a statutory right to an 
article 38.23 jury instruction, instructing the jury to disregard all illegally 
obtained evidence.  See, e.g., Reynolds v. State, 848 S.W.2d 148, 
149 (Tex. Crim. App. 1993).
        Bell 
argues that a fact issue exists concerning the legality of Officer Hester’s 
stop.  We disagree.  Bell does not contest the existence or nature of 
the evidence underlying Officer Hester’s decision to stop her, she merely 
challenges whether the circumstances he observed authorized the stop.  
Thus, the underlying facts are not disputed; only the effect of those facts is 
disputed.  Bell was therefore not entitled to an article 38.23 jury 
instruction, and the trial court did not err by refusing to submit that 
instruction.  See, e.g., Murphy v. State, 640 S.W.2d 297, 299 (Tex. 
Crim. App. 1982), reversed on other grounds, Atkinson v. State, 
923 S.W.2d 21 (Tex. Crim. App. 1996); Cate v. State, 124 S.W.3d 922, 928 
(Tex. App.—Amarillo 2004, pet. ref’d).  We overrule Bell’s second 
issue.
        Having 
overruled all of Bell’s issues on appeal, we affirm the trial court’s 
judgment.
 
  
                                                                  SUE 
WALKER
                                                                  JUSTICE
 
  
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.