Lisa Marlene Bell v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-287-CR

LISA MARLENE BELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Lisa Marlene Bell appeals her conviction for driving while intoxicated.  A jury found Bell guilty, and the trial court sentenced her to one hundred twenty days’ confinement and assessed a $2,000 fine.  Two issues are presented on appeal: (1) whether the trial court erred by overruling Bell’s motion to suppress evidence; and (2) whether the trial court erred by failing to instruct the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure as Bell requested.  We will affirm.

On January 3, 2003, University of North Texas patrol officer John Hester observed a red Nissan automobile weaving in and out of its lane of traffic and following closely behind a U-Haul truck.  Officer Hester followed the automobile for three blocks and observed it drift outside of its lane of traffic and cross over into the opposite lane of traffic.  Officer Hester initiated a traffic stop and made contact with the driver of the red Nissan.  

The driver of the automobile was identified by her driver’s license as Lisa Bell.  As Officer Hester talked with Bell, who remained seated in the automobile, he noticed the smell of alcohol emanating from the automobile.  He also observed that Bell’s eyes were glassy and that her speech was a little slurred.  Bell explained to Officer Hester that she had come from a party at TJ’s Pizza and Pub and that she had consumed two to three beers and a couple of shots.  At that point, Officer Hester asked Bell to step out of the automobile so that he could administer several field sobriety tests.

Officer Hester administered the HGN test, which indicated that Bell was intoxicated.  Officer Hester attempted to administer additional field sobriety tests, but Bell refused to comply.  Officer Hester then arrested Bell for driving while intoxicated and transported her to the Denton County jail.  In March 2004, a jury found Bell guilty of the misdemeanor offense of driving while intoxicated; this appeal followed.  

In her first issue, Bell contends that the trial court erred by denying her motion to suppress evidence because Officer Hester’s initial traffic stop was unlawful.  This issue is not preserved for our review.  
The mere filing of a motion to suppress without obtaining a pretrial hearing or ruling does not preserve error.  
Nelson v. State
, 626 S.W.2d 535, 535-36 (Tex. Crim. App. [Panel Op.] 1981); 
Thomas v. State
, 884 S.W.2d 215, 216 (Tex. App.—El Paso 1994, pet. ref’d).  In order to preserve error for appeal, an appellant must either urge his motion to suppress before the evidence at issue is admitted or make a timely objection when the State attempts to introduce the evidence.
  Nelson, 
626 S.W.2d at 535-36
; 
Thomas 
, 884 S.W.2d at 216-17.  Bell filed a pretrial motion to suppress all evidence obtained as a result of her initial detention, stop, arrest, and search and seizure, but she did not obtain a ruling on it until after the close of the State’s evidence.  Additionally, Bell did not object to the introduction of the evidence her motion sought to suppress when that evidence was introduced by the State.  As a result, we hold that Bell forfeited this issue.  
See
 
Nelson
, 626 S.W.2d at 535-36 (holding defendant failed to preserve error when she failed to object to admission of evidence and failed to obtain a ruling on her motion to suppress evidence before that evidence was admitted).  Accordingly, we overrule Bell’s first issue.

In her second issue, Bell complains that the trial court erred by refusing to instruct the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann
. art. 38.23 (Vernon Supp. 2004-05).  Article 38.23 provides that no evidence obtained in violation of state or federal laws or constitutions may be admitted into evidence against an accused at the trial of any criminal case.  
Id.
  When an issue of fact exists concerning the legality of an automobile stop, the defendant has a statutory right to an article 38.23 jury instruction, instructing the jury to disregard all illegally obtained evidence.  
See, e.g., Reynolds v. State
, 848 S.W.2d 148, 149 (Tex. Crim. App. 1993).

Bell argues that a fact issue exists concerning the legality of Officer Hester’s stop.  We disagree.  Bell does not contest the existence or nature of the evidence underlying Officer Hester’s decision to stop her, she merely challenges whether the circumstances he observed authorized the stop.  Thus, the underlying facts are not disputed; only the effect of those facts is disputed.  Bell was therefore not entitled to an article 38.23 jury instruction, and the trial court did not err by refusing to submit that instruction. 
See, e.g., Murphy v. State
, 640 S.W.2d 297, 299 (Tex. Crim. App. 1982), 
reversed on other grounds
, 
Atkinson v. State
, 923 S.W.2d 21 (Tex. Crim. App. 1996); 
Cate v. State
, 124 S.W.3d 922, 928 (Tex. App.—Amarillo 2004, pet. ref’d).  We overrule Bell’s second issue.

Having overruled all of Bell’s issues on appeal, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 March 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.