Affirmed and Memorandum Opinion filed January 28, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01081-CR

___________________

 

Marcus Dixon, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 337th District Court

Harris County,
Texas



Trial Court Cause No. 1190713

 



 

 

MEMORANDUM  OPINION

            Appellant Marcus Dixon was convicted by a jury of
possession of less than one gram of cocaine.  He challenges the trial court’s
denial of his motion to suppress, arguing that the physical evidence in this
case, a glass pipe containing cocaine residue, was discovered during an
investigative detention unsupported by reasonable suspicion.  We affirm.  

 

 

I.  Facts

            At
about 9:00 p.m. on May 5, 2008, Harris County Deputy Alden Clopton was
patrolling in the area of a bus station at Webster and Main in Houston when he
“observed two suspicious persons passing back and forth what appeared to [him]
like a hand-to-hand narcotics transaction.”  Clopton, who testified that he
watches that area because he has made many narcotics arrests there, recognized
one of the men.  Although the area is posted with “No Loitering” signs, Clopton
passed these two men at least twice that evening, and in both instances they
were standing next to a fence line passing something back and forth between
them.  Clopton “immediately zoned in to those two individuals, watching their
hands.”  He pulled over within six feet of the men, turned on his overhead
lights, and asked them to step over to the vehicle.  Clopton testified that
appellant, who immediately recognized him, addressed him by his nickname and
attempted to distract the officer’s attention.  According to Clopton, appellant
was hesitant to approach; appellant instead “was trying to walk behind the
other individual and kept moving his hands towards his pockets.”  Clopton
instructed appellant to place his hands flat on Clopton’s patrol car, but
appellant kept his hand in a cupped position.  Believing appellant might have a
weapon, Clopton turned appellant’s hand over and found that appellant was
holding a glass pipe.  Clopton field-tested residue from the pipe, which tested
positive for cocaine.

            Appellant
was arrested and charged with possession of less than one gram of cocaine.  At
appellant’s trial, Clopton testified as described above.  The glass pipe was
offered into evidence, and Kay McClain, a drug analyst for the Harris County Medical
Examiner’s Office, testified that she also tested the residue in the pipe and
found it to contain less than ten milligrams of cocaine.  After the State
rested, appellant made an oral motion to suppress the evidence on the grounds
that at the time appellant was told to approach Clopton’s vehicle, there was
neither probable cause for appellant’s arrest nor a sufficient basis for an
investigatory detention.  The trial court denied the motion, and the jury
convicted appellant of the charged offense.  After considering appellant’s
criminal history, the trial court assessed punishment at twelve years’ confinement. 
This appeal timely ensued.

II.  Analysis

            In
a single issue, appellant challenges the trial court’s denial of his motion to
suppress.  To preserve a complaint for appellate review, the record must show
that the complaint was made to the trial court by timely request, objection, or
motion stating the specific grounds therefor.  See Tex. R. App. P. 33.1.  To be timely, a
motion to suppress must be presented before the evidence is admitted into
evidence.  Nelson v. State, 626 S.W.2d 535, 536 (Tex. Crim. App. 1981); Sims
v. State, 833 S.W.2d 281, 284 (Tex. App.—Houston [14th Dist.] 1992, pet.
ref’d).  In this instance, appellant did not urge his oral motion to suppress based
on an alleged unlawful stop until after the evidence had been admitted, the
witness had been excused, and the State had rested its case.  Accordingly, he has
failed to preserve this issue on appeal.  See Nelson, 626 S.W.2d at 446;
Sims, 833 S.W.2d at 284; Moody v. State, No. 08-01-00030-CR, 2002
WL 1340959, *2 (Tex. App.—El Paso June 20, 2002, no pet.) (not designated for
publication) (motion to suppress made after the evidence has been admitted does
not preserve the issue for appeal); Rodriguez v. State, Nos.
05-98-01932-CR and 05-98-01933-CR, 2000 WL 146808 (Tex. App.—Dallas Feb. 11,
2000, no pet.) (mem. op., not designated for publication) (where evidence was
admitted without a timely objection that it was unlawfully seized, a subsequent
motion to suppress preserves nothing for review).  We therefore overrule his
sole issue on appeal.




 

III.  Conclusion

            Because
appellant has failed to preserve his only argument for review, we affirm the
trial court’s judgment.  

 

 

                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Senior
Justice

 

 

Panel
consists of Chief Justice Hedges, Justice Anderson, and Senior Justice Mirabal.*

 

Do
Not Publish — Tex. R. App. P. 47.2(b).









* Senior
Justice Margaret Garner Mirabal sitting by assignment.