ACCEPTED
06-15-00121-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/28/2015 3:22:13 PM
DEBBIE AUTREY
CLERK

No. 06-15-00121-CR

**IN THE COURT OF APPEALS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

**FOR THE SIXTH DISTRICT OF TEXAS**

12/28/2015 3:22:13 PM
DEBBIE AUTREY
Clerk

BILLY JOE SELMAN

*Appellant*

VS.

THE STATE OF TEXAS

*Appellee*

BRIEF OF APPELLEE

On Appeal from the County Court at Law of Hill County, Texas
in Cause No. M0890-14.
Hon. Matt Crain, Presiding

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rules of Appellate Procedure 39.1 and 39.7, the State waives oral argument in this case unless this Court determines that oral argument is necessary. The State believes that the facts and legal arguments are adequately presented in the briefs and record, and that the decision process would not be significantly aided by oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties follows:

Presiding Judge at Trial
- The Honorable Matt Crain (pretrial and trial), County Court at Law, Hill County, Texas.

Attorneys for the State
- Hon. R. David Holmes (trial and appeal), County Attorney for Hill County, P.O. Box 253, Hillsboro, Texas 76645.

Attorneys for Appellant
- Mr. Scott Phillips (trial), 711 W. Elm, Hillsboro, Texas 76645.
- Mr. Richard De Los Santos (appeal), 202 S. Main Street, Cleburne, Texas 76033.

Appellant
- Billy Joe Selman

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT……………………………...ii

LIST OF INTERESTED PARTIES………………………………………..ii

TABLE OF CONTENTS…………………………………………………….iii

INDEX OF AUTHORITIES…………………………………...............iv

STATEMENT OF THE CASE………………………………………….1

STATEMENT OF FACTS………………………………………………1

SUMMARY OF ARGUMENT………………………………………..4

ARGUMENT

    I. The Court did not err in denying Appellant's
    request to represent himself……………………………………….4

    II. The State did not fail to prove the elements of Evading Arrest
    and there was no Fourth Amendment Violation…………………………7

    III. The State did not violate a Discovery request under 39.14……………...9

CONCLUSION…………………………………………………………...12

CERTIFICATE OF COMPLIANCE……………………………………...13

CERTIFICATE OF SERVICE……………………………………………14

# INDEX OF AUTHORITIES

**CASES**

*Bekendam v. State*,
     441 S.W.3d 295 (Tex. Crim App. 2014)…………………………………7, 8

*Cain v. State*,
     947 S.W.2d 262 (Tex. Crim. App. 1993)…………………………………8

*Collier v. State*,
     959 S.W.2d 621 (Tex. Crim. App. 1997)…………………………………4, 5

*Faretta v. California*,
     422 U.S. 806 (1975)…………………………………………………………4, 5

*Garza v. State*,
     126 S.W.3d 79 (Tex. Crim. App. 2004)…………………………………..7, 8

*Godinez v. Moran*,
     509 U.S. 389 (1993)…………………………………………………………5

*Gowan v. State*,
     927 S.W.2d 246 (Tex. App.—Fort Worth 1996, pet. ref'd)…………………9

*Hulit v. State*,
     982 S.W.2d 431 (Tex. Crim. App. 1998)…………………………………9

*Kinnamon v. State*,
     791 S.W.2d 84 (Tex. Crim. App. 1990)…………………………....................9

*Little v. State*,
     758 S.W.2d 551 (Tex. Crim. App. 1988)…………………………………9

*Marin v. State*,
     851 S.W.2d 275 (Tex. Crim. App. 1993)…………………………………....8

*Moor v. State*,
     371 S.W.3d 221 (Tex. Crim. App. 2012)…………………………………7

*Nelson v. State*,
626 S.W.2d 535 (Tex. Crim. App. 1981)…………………………………7, 8

*Taylor v. State*,
93 S.W.3d 487 (Tex. App.—Texarkana 2002, pet. ref'd)…………………10

*Williams v. State*,
995 S.W.2d 754 (Tex. App.—San Antonio, no pet.)………………………10

*Wilson v. State*,
311 S.W.3d 452 (Tex. Crim. App. 2010)…………………………………7

**STATUES**

U.S. CONST. amend. IV…………………………………………………………8, 9

U.S. CONST. amend. VI………………………………………………………….4

U.S. CONST. XIV § 1…………………………………………………………….4

TEX. CODE CRIM. PROC. ANN. art. 1.051 (West 2013)…………………………..5, 6

TEX. CODE CRIM. PROC. ANN. art 39.14 (West 2013)……………………...9, 10, 11

TEX. R. APP. Rule 33.1 (West 2013)…………………………………………..7

## STATEMENT OF CASE

Mr. Billy Joe Selman, hereinafter "the Appellant," was arrested for the crime of "Evading Arrest or Detention" on September 9th, 2013, in Hubbard, Hill County, Texas. An Information and Complaint for the offense was filed with the Hill County District Clerk's Office on November 26th, 2014. Appellant's case came to trial on May 19th, 2015, in the Hill County Court at Law with the Honorable Matt Crain presiding. A jury found Appellant guilty of the alleged crime, and the trial court assessed punishment of eight months in the county jail, with credit for any time already served. Appellant timely filed an appeal on May 29th, 2015, which is now before this Court.

## STATEMENT OF FACTS

On September 9th, 2013, Officer Darlin Lebel of the Hubbard Police Department was dispatched to 609 Farm-to-Market Road 2114 in Hubbard, Hill County, Texas, at about 7:27am in response to a criminal trespass call. (VI R.R. at 86-87, 104). It was light outside already, and Officer Lebel was wearing her standard issue police uniform, with patches and gold badge affixed, and she was driving her police squad car that had "Hubbard Police" printed on both sides of the vehicle, with an emergency light-bar affixed on top (VI R.R. at 85-86, 104-105). Due to the small size of the community of Hubbard, Texas, Officer Lebel was

1

personally familiar with Appellant's appearance and the property of Mr. Shawn Gilham, where she was dispatched on the morning of September 9th, 2013. (VI R.R. at 88-89, 95). When she arrived at the Gilham residence at 609 FM 2114, she saw Appellant towards the back of the property, crouched low to the ground, digging in the dirt. (VI R.R. at 87). Knowing that the property was not Appellant's due to her familiarity with the area, and in response to being dispatched for a "criminal trespass" call, she exited her vehicle and began to approach Appellant on foot. (VI R.R. at 90). Hubbard Police Department's Policy for "criminal trespass" calls is to issue a warning citation that needs to be signed by recipient of the warning. (VI R.R. at 98). When she approached Appellant on foot at the Gilham property, Appellant stared at her and kept digging in the dirt. (VI R.R. at 90).

When Appellant would not stop digging, Officer Lebel instructed him to stop, but in response to her order, he got up and ran away from her. (VI R.R. at 91). She saw him run towards, and get into a vehicle she knew belonged to Appellant's sister, Robin Selman; Officer Lebel had also seen the Appellant previously drive around Hubbard, Texas, inside the same vehicle. (VI R.R. at 92). Officer Lebel then pursued Appellant in her squad car to his residence, where she saw Appellant run inside a house she knew to be his and his mother's residence. (VI R.R. at 93-94). Because Appellant would not open the door at her request, Officer Lebel contacted the homeowner and co-tenant of the property Linda

2

Selman, Appellant's mother. (VI R.R. at 99-100, 116). Linda Selman subsequently gave consent to Chief Patrick of the Hubbard Police Department to enter her home. (VI R.R. at 117). Once inside, Chief Patrick announced who he was several times (each time he entered a new room inside the house), but received no response from Appellant. (VI R.R. at 125-126). Appellant was subsequently found hiding within a closet with a blanket covering his body. Once found, Appellant was arrested for evading arrest or detention. (VI R.R. at 125-126).

## SUMMARY OF ARGUMENT

All three of Appellant's Points of Error should be overruled. Appellant's First Point of Error should be overruled because the Appellant withdrew his own waiver of counsel after he was admonished of the dangers of self-representation. Appellant's Second and Third Points of Error should be overruled because they were not properly preserved at the trial court level. Additionally, Appellant's Third Point of Error should be overruled because even if it had been properly preserved, the State did not violate an order compelling discovery under Article 39.14 of the Texas Code of Criminal Procedure.

## ARGUMENT

**I. Appellant's First Point of Error should be overruled because the trial court did not err in denying Appellant's request to represent himself after Appellant withdrew his waiver of counsel.**

Appellant's First Point of Error should be overruled because after the trial court admonished Appellant of the dangers of self-representation, Appellant withdrew his waiver of counsel. The Sixth and Fourteenth Amendments guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished. *Collier v. State*, 959 S.W.2d 621, 625-26 (Tex. Crim. App. 1997) *citing Faretta v. California,* 422 U.S 806, 807–808 (1975). Those same amendments also guarantee that any such defendant may dispense with counsel and make his own defense. *Id.*

Such a decision, to be constitutionally effective, must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily. *Id. citing Godinez v. Moran,* 509 U.S. 389, 400–401 (1993); *Faretta,* 422 U.S. at 834–836. The decision to waive counsel and proceed *pro se* is made "knowingly and intelligently" if it is made with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation. *Faretta*, 422 U.S. at 834– 836. The decision is made "voluntarily" if it is uncoerced. *Godinez,* 509 U.S. at 401 n. 12.

Article 1.051 of the Texas Code of Criminal Procedure proscribes that if "a defendant wishes to waive the right to counsel for purposes of entering a guilty plea or proceeding to trial, the court shall advise the defendant of the nature of the charges against the defendant and, if the defendant is proceeding to trial, the dangers and disadvantages of self-representation." Tex. Code Crim. Proc. Ann. Art. 1.051(g) (West 2013). If the wavier is made voluntarily and intelligently, then "the court shall provide the defendant with a statement substantially in the following form, which, if signed by the defendant, shall be filed with and become part of the record of the proceedings." *Id.*

> I have been advised this _____ day of _____, 2_____, by the (name of court) Court of my right to representation by counsel in the case pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed

5

with my case without an attorney being appointed for me.  I hereby waive my right to counsel. (Signature of defendant). *Id.*

However, a defendant may withdraw his waiver of the right to counsel at any time. Tex. Code. Crim. Proc. Ann. Art. 1.051(h) (West 2013).  In this particular case, the Appellant signed and presented a waiver to the trail court indicating that he either 1) wished to represent himself *or* 2) hire another attorney. (VI R.R. at 9-10).  Prior to the venire panel being qualified, the trial court inquired into Appellant's possible waiver of counsel that he submitted to the court. (VI R.R. at 9-10).  Appellant explained that he wanted to fire his current counsel to either hire another attorney or proceed with the trial on his own. (VI R.R. at 10). Appellant cited dissatisfaction with his trial counsel as his reason for wanting to hire another attorney *or* proceed on his own. (VI R.R. at 11-12).  The trial court informed him that his trial counsel had prepared oral motions and a voir dire presentation for the trial. (VI R.R. at 12).  The trial court also admonished Appellant of the dangers and difficulties of self-representation, particularly that he would be expected to know the rules of evidence and procedure. (VI R.R. at 10-11).  Having been fully admonished, the Appellant withdrew his waiver:

> Reporter Record Volume VI, Page 12, Line 13
> Trial Court: …Are you okay with going forward today with him as your assisted—him as your attorney?
> Appellant: I'll allow due process the opportunity to work, yes, sir.
> Trial Court: Okay. So you're okay with Mr. Phillips representing you today.
> Appellant: Today, yes.

As there is nothing within the record indicate that Appellant was threatened, coerced, or deceived by either the trial court or any other party into withdrawing his waiver of counsel, his withdrawal of the waiver appears to have been made knowingly and intelligently after the appropriate admonishments from the trial court. Having withdrawn his waiver, the trial court could not grant Appellant's waiver of counsel without violating his right to counsel. Therefore, Point of Error One should be overruled.

## II. Appellant's Second Point of Error should be overruled because it was not preserved.

Appellant's Second Point of Error should be overruled because it was not preserved at the trial court level. A party that intends to appeal an error made at the trial court level must adequately preserve each claim of error by appropriate action in the trial court. Tex. R. App. Proc. Ann. 33.1 (West 2013); *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014); *Wilson v. State*, 311 S.W.3d 452 (Tex. Crim. App. 2010). If claimed error is not preserved, it may not be reviewed on appeal. *Moore v. State*, 371 S.W.3d 221 (Tex. Crim. App. 2012). To preserve error, the record must show that appellant made a timely request, objection, or motion, and that the trial court ruled on it. *Garza v. State*, 126 S.W.3d 79, 81-82 (Tex. Crim. App. 2004); Tex. R. App. Proc. 33.1(a)(1); *Nelson v. State,*

626 S.W.2d. 535, 536 (Tex.Crim.App.1981). The purpose of requiring an objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection. *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014). By affording the judge an opportunity to rule on an objection, the court is able to decide whether the evidence is admissible. *Garza*, 126 S.W.3d at 82. No such opportunity was afforded the trial court nor the State in Appellant's case, as there was no written or oral motion to suppress argued by Appellant based upon a Fourth Amendment violation in the instant case.

Though there were objections made based upon possible *Crawford* violations and hearsay statements, none were made about the lawfulness of the arrest of Appellant under the Fourth Amendment. Additionally, there is no argument by Appellant that this issue involves one of the two categories of errors that could constitute either "absolute rights" or "waivable-only rights" under *Marin v. State* that could justify this Court considering it for the first time on appeal. *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993) *overruled in part by Cain v. State*, 947 S.W.2d 262, 265 (Tex. Crim. App. 1997) (overruling *Marin* insofar as it suggests that absolute rights are, by their nature, immune from harmless error analysis).

Moreover, rights under the Fourth Amendment have been found to be one of the many rights that fall within the "forfeitable rights" category under *Marin* that requires preservation of error at the trial court level before being considered on appeal. *Hulit v. State*, 982 S.W.2d 431, 440 (Tex. Crim. App. 1998) *citing Little v. State,* 758 S.W.2d 551, 564 (Tex.Crim.App.1988). Because Appellant did not adequately preserve error on this issue of an alleged Fourth Amendment violation by objecting to the legality of his arrest during trial or during a pre-trial hearing, Appellant's Second Point of Error should be overruled.

**III. Appellant's Third Point of Error should be overruled because the State did not violate a Discovery Order under Article 39.14 of the Code of Criminal Procedure and Appellant did not preserve his Third Point of Error.**

Appellant's Third Point of Error should be overruled because Appellant did not adequately preserve this error for appeal. First, there is nothing in the record to indicate that the trial court ever issued an order compelling discovery from the State under Article 39.14 of the Code of Criminal Procedure. Second, had the trial court issued a discovery order under Article 39.14, Appellant waived this issue on appeal when defense counsel did not object during trial and move for a continuance after the allegedly-withheld evidence was referenced during trial. Prior to the enacting of the Michael Morton Act, defendants in Texas did not enjoy a general right to discovery upon a written request to the State. *See Gowan v. State*,

927 S.W.2d 246, 249 (Tex. App.—Fort Worth 1996, pet. ref'd) *citing Kinnamon v. State,* 791 S.W.2d 84, 91 (Tex. Crim. App. 1990).  In 2013, Article 39.14 of the Texas Code of Criminal Procedure proscribed a conditional right to discovery for certain materials within the possession of the State only after a motion from the defendant and a subsequent order from the trial court:

> (a) **Upon motion of the defendant** showing good cause therefor and upon notice to the other parties, except as provided by Article 39.15**, the court in which an action is pending shall order the State before or during trial of a criminal action** therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies.  The order shall specify the time, place and manner of making the inspection and taking the copies and photographs of any of the aforementioned documents or tangible evidence; provided, however, that the rights herein granted shall not extend to written communications between the State or any of its agents or representatives or employees.  Nothing in this Act shall authorize the removal of such evidence from the possession of the State, and any inspection shall be in the presence of a representative of the State.

Tex. Code. Crim. Proc. Ann. art. 39.14 (West 2013) (emphasis added).  When previously withheld evidence is disclosed at trial in violation of a discovery order, the defendant has an opportunity to request a continuance on the basis of that violation. *Taylor v. State*, 93 S.W.3d 487, 502 (Tex. App.—Texarkana 2002, pet. ref'd).  However, failure to request a continuance waives any violation of a

discovery order. *Id. citing Williams v. State*, 995 S.W.2d 754, 762 (Tex. App.—San Antonio, no pet.).

In this particular case, though trial counsel for the Appellant did request discovery from the State, counsel never filed a motion with the trial court requesting that the State be ordered to produce items listed in the discovery request. The trial court even invited defense counsel during a pre-trial status hearing to confer with the State on February 10th, 2015, on items that had been produced, and items that had not. (III R.R. at 4). At no point during this status hearing, before trial, or during trial, did defense trial counsel move for the trial court to order discovery under Article 39.14. Moreover, even had the trial court ordered discovery from the State, Appellant waived any alleged discovery order violations by not objecting during trial. As Appellant cited in his brief, when defense trial counsel elicited testimony from Officer Lebel during cross-examination that her squad car was equipped with a dash-mounted camera at the time of Appellant's arrest, there was no objection or motion for continuance on the basis of previously withheld evidence. (VI R.R at 106-108) Without an order from the trial court under Article 39.14 as it existed in 2013, much less an objection by the Appellant during trial for an alleged violation of such a discovery order, such an issue is waived on appeal. Therefore, Appellant's Third Point of Error should be overruled.

## **CONCLUSION**

It is respectfully submitted that all three points of error be overruled and the conviction should be affirmed.

Respectfully submitted,

____/s/R. David Holmes____
R. David Holmes
State Bar No: 24035160
County Attorney
Hill County, Texas
P.O. Box 253
Hillsboro, TX 76645
254-582-4047
Fax: 254-582-4013
dholmes@co.hill.tx.us

## CERTIFICATE OF COMPLIANCE

I certify that the State's brief contains 2,709 words in compliance with Rule

9.4 of the Texas Rules of Appellate Procedure.

_____/s/ R. David Holmes_____

## **CERTIFICATE OF SERVICE**

I certify that a copy of the State's Response Brief has been e-filed and sent by regular mail on December 28, 2015, to the attorney for Appellant at the following address:

ATTORNEY FOR APPELLANT

Richard De Los Santos
202 S. Main Street
Cleburne, Texas 76033

_____/s/ R. David Holmes_____