**Affirmed and Memorandum Opinion filed October 31, 2019.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00072-CR

**RUDOLPH HARDIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 7
Travis County, Texas
Trial Court Cause No. C-1-CR-16-402535**

## MEMORANDUM OPINION

Appellant, Rudolph Hardin, appeals his conviction by a jury for indecent exposure. *See* Tex. Penal Code § 21.08. The trial court assessed appellant's punishment at two years' probation, a $200 fine, and eighty hours of community service. Appellant must also complete a sex-offender evaluation, undergo counseling, and have no contact with the complainant. Appellant raises two issues concerning alleged due process violations for review. We affirm.

**BACKGROUND**

The complainant worked as a night custodian in Travis County.[1]  One of the office spaces complainant cleaned was inside the Coca-Cola plant, where appellant was manager.  One evening, appellant cornered the complainant in one of the rooms, pushed her up against the wall, grabbed her arm, and pulled out his erect penis.  Complainant told appellant "No."  When appellant heard someone open a door, he pulled away from the complainant, enabling her to leave the building.

A few days later, the complainant's husband reported the incident to the police.  The police interviewed the complainant at her home where they also photographed the bruising on her arm.  A week after the incident was reported, the complainant requested police officer assistance to return the building keys.  Appellant arrived in the parking lot while the police were speaking with the complainant.  The police sergeant on the scene testified that the complainant became nervous when appellant arrived on the scene.  Over the course of the following police investigation there were apparently two video recordings of the complainant giving interviews or statements to the police.

Before trial, appellant filed a motion to dismiss, or in the alternative suppress.  In the motion, appellant alleged that "[t]he first recorded interview on videotape was lost."  Appellant did not specify in the motion what the allegedly missing videotape was about or provide any details regarding its content.  Appellant also did not attach any evidence to the motion.  In addition, the record on appeal does not indicate that appellant ever sought or obtained a ruling on the motion from the trial court.

Prior to voir dire, the State asked the trial court to rule on its motion in

---

[1] This case was transferred from the Third Court of Appeals in Austin. For transfer cases, we follow the law of the transferor court.  Tex. R. App. P. 41.3.

limine. A missing video recording of the first interview of the complainant conducted by a Detective Roberson was mentioned during this discussion.[2] The record does not indicate that appellant, subsequent to that discussion asked the trial court to rule on any type of spoliation issue.[3] Finally, while appellant's attorney did mention a missing video recording during his opening statement at trial, no evidence was introduced during trial regarding any videotaped statements by the complainant, much less a missing videotape, nor did appellant lodge any objections to the evidence introduced at trial based on a missing videotape or other recording of the complainant's statement.

## ANALYSIS

Appellant asserts two issues for appellate review. Appellant argues in his first issue that his due process rights were violated when the Austin Police Department destroyed, or failed to preserve, evidence with exculpatory value. Appellant contends in his second issue that he was denied due process when the Austin Police Department failed to preserve evidence with potential exculpatory value. Both issues deal with the allegedly missing videotape or other recording of the complainant's first statement to the police. The State responds that appellant failed to preserve these issues for appellate review. We agree with the State.

---

[2] The discussion began as a result of the State's request, in its motion in limine, that appellant's attorney not be allowed to make any suggestion that he has "facts, knowledge or opinions about the parties, witnesses, or facts of the case gained from sources or information not presented as evidence or testimony during trial." After the State clarified the intent of its request, the discussion focused on the allegedly missing videotape recording of the complainant's first interview by the police. Ultimately, there was agreement that appellant would be able to discuss a missing videotape during closing if evidence admitted during the trial indicated there was a missing videotape.

[3] The only motion that the record reveals appellant asked the trial court to rule on was a motion for "disclosure of evidence under 39.14(h) of the Texas Code of Criminal Procedure." The trial court initially deferred ruling on the motion and appellant never renewed his request that the trial court rule.

3

To preserve an issue for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A); *Garza v. State*, 126 S.W.3d 79, 81–82 (Tex. Crim. App. 2004).

A complaint may also be preserved through a timely, specific objection so long as opposing counsel has an opportunity to respond, the trial court is informed of the basis of the objection, and it has an opportunity to rule. *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). There are no technical considerations or forms of words required to preserve error for appeal, but a party must be specific enough for the judge to understand the complaint at the time when the trial court is in a proper position to do something about it. *Resendez v. State*, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009). Even constitutional errors may be waived by a failure to complain timely. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). A party's complaint on appeal must also comport with the complaint made at trial. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). It is improper for an appellate court to reverse a trial court's decision based on a legal theory not timely presented by the complaining party. *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002).

While appellant did file a motion to dismiss for the same due process violations that he alleges on appeal, he has not shown anywhere in the record where he brought the motion to the trial court's attention, or that the trial court ruled on it. *See Nelson v. State*, 626 S.W.2d 535, 535–36 (Tex. Crim. App. [Panel Op.] 1981) (holding that where written motions to suppress had lain "dormant" without hearing or decision, oral motion to suppress first raised after evidence was

4

admitted was untimely and did not preserve error). In addition, other than a brief reference during appellant's opening statement, the complainant's videotaped or otherwise recorded statements were not mentioned during the evidentiary portion of appellant's trial. We therefore hold that appellant did not preserve either of his issues on appeal for appellate review. *See Resendenz*, 306 S.W.3d at 316–17 (concluding defendant did not preserve issue for appellate review because there was no indication in the appellate record to support the contention that the trial judge or opposing counsel understood defendant was making particular claim). We therefore overrule appellant's issues.

## CONCLUSION

Having overruled both issues appellant raises on appeal, we affirm the trial court's judgment.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

Do Not Publish — TEX. R. APP. P. 47.2(b).

5