**Affirmed and Memorandum Opinion filed April 27, 2023.**



In The

# Fourteenth Court of Appeals

NO. 14-22-00278-CR
NO. 14-22-00279-CR

## CHRISTOPHER GABRIEL LUCIO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause Nos. 1666753 & 1666752**

## MEMORANDUM  OPINION

Appellant Christopher Gabriel Lucio appeals his convictions for possession of a controlled substance and possession of a weapon by a felon. Appellant contends (1) the trial court erred in admitting evidence of self-incriminating statements that indicated Lucio was in unlawful possession of a firearm; and (2) the trial court erred in admitting evidence of self-incriminating statements that indicated Lucio was in possession of cocaine. We affirm.

BACKGROUND

## A. Motion to Suppress Hearing

Before trial, appellant filed a written motion to suppress in both cases in which he sought to suppress "[a]ll physical evidence including, but . . . not limited to, all items seized from the vehicle owned by Kasandra Perez . . . that was illegally stopped[.]" Appellant also sought to suppress "[a]ny and all statements, whether written or oral, of the Defendant[.]" Appellant asserted the evidence was seized as the result of an unconstitutional stop of the vehicle appellant was driving.

Mayra Gonzalez, a Pasadena police officer, testified that on the day of the offense she typed the license plate number of a vehicle driven by appellant into the police department's citation maintenance system. Gonzalez conducted a traffic stop because the system showed outstanding traffic warrants for appellant. Gonzalez asked appellant if he could pay the fines owed. She told appellant that if he could pay the fines she would transport him to the courthouse to pay the fines rather than arrest him. After appellant told Gonzalez he could not pay the fines, Gonzalez asked appellant to get out of the car.

As appellant was getting out of the car Gonzalez observed on the driver's side door a pink baggie that contained a white powder. Gonzalez told appellant she saw what she thought was narcotics in plain view. Gonzalez then escorted appellant to the patrol car after explaining to the two passengers what she was doing. Gonzalez then asked appellant if there was anything else in the car. Appellant responded that everything in the car "is his."

Kassandra Perez was sitting in the back of the car. When Gonzalez asked Perez to get out of the car Gonzalez saw another pink baggie in the handle of the back door. Perez denied that the baggie belonged to her. When Gonzalez was

walking Perez toward the patrol car appellant said that everything in the car and the handgun belonged to him.

Seeking to suppress the evidence seized appellant argued that the narcotics and gun seized from the car should be suppressed because the officer lacked probable cause to make the traffic stop. The trial court denied appellant's motion to suppress on the grounds that there was reasonable suspicion that the driver of the car had an outstanding warrant.

**B. Trial**

After the trial court denied appellant's motion to suppress, appellant waived his right to a jury trial and the court proceeded to a bench trial. Video from Gonzalez's body-worn camera and dashboard camera were admitted into evidence over appellant's objection to the stop previously raised in the motion to suppress.

State's exhibit 1, the body-worn camera video, showed the events of the traffic stop as described by Gonzalez. In the video appellant acknowledged that he knew he had an outstanding traffic warrant. When appellant told Gonzalez he could not pay the fines, Gonzalez asked appellant to step out of the car. Gonzalez placed handcuffs on appellant and asked if there was anything illegal in the car that she needed to know about. After appellant said there was not, Gonzalez asked appellant about the baggie in the driver's side door handle. Appellant did not respond. Gonzalez escorted appellant to her patrol car while she looked up the amount of appellant's fines.

Gonzalez went back to the car appellant had been driving and asked Perez to step out of the backseat of the car. When Perez stepped out of the car Gonzalez found another baggie containing suspected narcotics. Gonzalez explained to Perez that she would take Perez to jail as well. As Perez got into the backseat of the patrol car

3

appellant told Gonzalez that the baggie belonged to him. Gonzalez asked appellant if she would find anything else and he told her she would find a gun in the car and repeated his statement that everything in the car belonged to him. Gonzalez found a handgun on the driver's side floorboard. After further searching the car Gonzalez found a bag containing a small scale and a bottle of what she suspected was Xanax. At trial appellant made no objection to the admission of his statements made to Gonzalez.

After the State rested, Perez, appellant, and one of appellant's co-workers testified. After appellant rested, he made the following motion:

> [Defense counsel]: Judge, I want to make a motion that every — every statement and all the evidence obtained from the time that he was put in handcuffs — he, being my client Mr. Lucio — that it all be suppressed.
>
> *****
>
> [Defense counsel]: But, Judge, it's not just Miranda. It's — there's two — there's two aspects to this case. And they're both addressed in these cases. One is the stop is prolonged and the other one is that they failed to give him any Miranda warnings.

The trial court denied appellant's motion.

The trial court found appellant guilty of possession of between one and four grams of a controlled substance, and felon in possession of a weapon. This appeal followed.

## ANALYSIS

In two issues appellant contends the trial court erred in admitting evidence of his statements to Officer Gonzalez, specifically his statements that everything in the car belonged to him and Gonzalez would find a gun in the car. The State responds that appellant failed to preserve error because he did not move to suppress the

4

statements until they had already been admitted.

We agree with the State that appellant did not timely preserve his complaint regarding the admission of his statements. "Preservation of error is a systemic requirement." *Darcy v. State*, 488 S.W.3d 325, 327 (Tex. Crim. App. 2016). If an issue has not been properly preserved for appeal, a reviewing court should not address the merits of that issue. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). In fact, it is the duty of this court to ensure that a claim is preserved in the trial court before addressing its merits. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (court of appeals should review preservation of error on its own motion).

To properly preserve a complaint for appeal, the record must show that the complaining party made a timely request, objection, or motion that identified the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a). An objection should be made as soon as the ground for the objection becomes apparent, which is generally when the evidence is admitted. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). Failing to object at the time evidence is admitted, without a showing of a legitimate reason to justify the delay, waives the claim of error. *Id.*

In this case, appellant filed a pretrial motion to suppress the evidence seized during the traffic stop. As grounds for suppression of the evidence appellant asserted that the search of the vehicle was conducted without probable cause. Appellant's pretrial motion did not address appellant's right to remain silent or whether he was made aware of that right prior to making the statements. The motion also did not challenge the length of the stop. The pretrial hearing on appellant's motion was limited to appellant's motion requesting that the evidence seized, i.e., narcotics and gun, should be suppressed due to a search conducted without probable cause.

5

At trial Gonzalez testified to the statements made by appellant without objection. Appellant's statements were also recorded on Gonzalez's body-worn camera and dashboard camera. Appellant's only objection to the video recordings was to reiterate his motion to suppress regarding the traffic stop. To be timely, a motion to suppress must be presented before evidence is admitted. *Nelson v. State*, 626 S.W.2d 535, 536 (Tex. Crim. App. 1981); *Sims v. State*, 833 S.W.2d 281, 284 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). Because appellant did not object to admission of the statements before they were admitted, he failed to preserve error for appeal. *See Stults v. State*, 23 S.W.3d 198, 205–06 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (to preserve error defense counsel must object before substantial testimony is given regarding the alleged illegally obtained evidence). We overrule both appellant's issues on appeal.

## CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgments of conviction.

/s/ Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).