

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00179-CR
No. 02-21-00180-CR

_____

JAMILA ASHA JONES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1598349D, 1598350D

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Jamila Asha Jones was convicted by a jury of possession with intent to deliver a controlled substance (cocaine) and possession of a controlled substance (heroin). She was sentenced to thirty-five years' incarceration on each conviction to be served concurrently. The trial court signed two separate judgments of conviction from which Jones now appeals. Jones raises a single point for our review: that the trial court abused its discretion by denying her motions to suppress because reasonable suspicion did not exist for the arresting officer to detain her. The State contends that Jones did not preserve this point for review. We agree with the State.

## I. BACKGROUND

On June 2, 2019, police officer Tom Gierling responded to a "shots fired" call in Fort Worth that included a description of a male suspect and a getaway vehicle. He conducted a felony traffic stop on a vehicle that he believed matched that description. With gun drawn, Gierling approached the vehicle and found Jones as the sole occupant and driver of the vehicle. He lowered his weapon, and Jones quickly opened her car door. At that time, Gierling smelled an odor of marijuana emanating from the car and also saw a baggie containing a green leafy substance. After ascertaining that Jones was not the suspect related to the original "shots fired" call, Gierling detained her and searched her vehicle on suspicion that it contained controlled substances. During this search, Gierling discovered additional baggies that were determined to contain cocaine and heroin.

On the morning that Jones's jury trial commenced, she filed motions to suppress all evidence related to and obtained from the traffic stop and arrest, claiming that it was obtained "without warrant, probable cause[,] or other lawful authority." Before opening statements, she urged her motions to suppress. The trial court—citing a desire not to delay the trial—decided to carry the motions with the trial. No suppression hearing was held at that time, and Jones did not object to carrying them with trial.

The State called Gierling as its first witness, and Jones did not object or otherwise reurge her motions upon his being called. Gierling then testified extensively and in full detail about his stop and detention of Jones, including that he found what he believed to be baggies of cocaine and heroin in her vehicle. Jones objected to none of this testimony. The State then moved to admit Gierling's bodycam footage—which showed the entire incident with Jones—to which Jones responded, "No objection." The State also moved to admit the baggies of cocaine and heroin, to which Jones again responded, "No objection." All of this evidence was admitted for the jury's consideration.

It was only after the State rested that Jones reurged her motions to suppress. The trial court denied both motions. Jones reurged the motions after she rested her case, and the trial court again denied them.

## II. PRESERVATION OF ERROR

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013). A party must object as soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016). Normally, an objection must precede the testimony or admittance of physical evidence to preserve error. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(1)(A); *Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).

When a court overrules a pretrial motion to suppress evidence, the defendant need not subsequently object to the admission of the same evidence at trial to preserve error. *Garza v. State*, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004). However, when the trial court does not make a pretrial ruling on the motion but instead "carries the motion with trial," whether the motion preserves error depends on the circumstances of the trial court's decision to carry the motion. *See id.*; *Person v. State*, No. 02-18-00156-CR, 2018 WL 2248671, at *1 (Tex. App.—Fort Worth May 17, 2018, pet. ref'd) (mem. op., not designated for publication).

4

In *Garza*, the defendant filed a pretrial motion to suppress and specifically requested a hearing outside the presence of the jury. *Garza*, 126 S.W.3d at 81. The trial court denied the request for a separate hearing and decided to carry the motion with the trial. *Id.* The trial court told the parties that it would instead hear the evidence in question as it was presented to the jury. *Id.* The State twice offered the complained-of evidence, and the defendant did not object. *Id.* at 81. The defendant did not reurge his motion until the third time the State offered the evidence, and the trial court denied the motion. *Id.*

The Texas Court of Criminal Appeals held that the defendant had preserved error even though he did not object to the evidence or obtain a ruling at the earliest possible time. *Id.* at 84–85. The court explained that the trial court's pretrial comments essentially directed the defendant to wait until all the evidence was presented before he obtained a ruling on his motion: "[I]t is clear that any additional attempt by appellant to object or obtain a ruling during the testimony of the officers would have been futile, because the judge had already told appellant that he would not rule on the motion until the jury had heard the evidence." *Id.* But the court noted that its holding did not apply in situations "outside the special circumstances" raised in that case. *Id.* at 85. The "special circumstances" were that the motion to suppress raised a dispositive issue and that the trial court stated that it would not rule until all the evidence had been submitted. *Id.*

5

The *Garza* court specifically distinguished *Garza* from a factually similar case, *Thomas v. State*, 884 S.W.2d 215 (Tex. App.—El Paso 1994, pet. ref'd). *Garza*, 126 S.W.3d at 84. In *Thomas*, the defendant filed a pretrial motion to suppress, and the trial court "agreed that the motion . . . could be carried over to trial and raised by objection at the appropriate time." *Thomas*, 884 S.W.2d at 216. The defendant did not object when the State offered the evidence in question; instead, he only later reurged his motion to suppress. *Id.* at 216–17. Our sister court held that the defendant waived error by failing to object to the evidence at the earliest opportunity. *Id.*

The *Garza* court noted that the distinguishing factor between *Garza* and *Thomas* was the *Garza* trial court's comment that it would hear all the evidence before ruling on the motion to suppress. *Garza*, 126 S.W.3d at 84.

### III. DISCUSSION

Our case is more like *Thomas* than *Garza* because the "special circumstances" identified in *Garza* are not present here. The trial court here never indicated that it would not rule on Jones's motions to suppress until all of the relevant evidence had been heard. *See id.* Thus, Jones was required to object to the evidence at the earliest opportunity. Tex. R. Evid. 103(a)(1); *London*, 490 S.W.3d at 507. Instead, she failed to object at all to the testimony and evidence that she sought to suppress when it was offered and admitted. By the time Jones finally reurged her motions at the close of the State's case-in-chief, it was too late. *See Person*, 2018 WL 2248671 at *1 (holding

6

that appellant failed to preserve error where (1) he filed a pretrial motion to suppress, (2) no pretrial hearing was held on the motion, (3) the motion was carried with trial, (4) complained-of testimony and video evidence were admitted without objection, and (5) the appellant did not reurge the motion until after the State rested). We overrule Jones' sole point because it was not preserved.[1]

## IV. CONCLUSION

Having overruled Jones's sole point, we affirm the trial court's judgments.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 20, 2023

---

[1]We also note that, even had Jones preserved the point for our review, her affirmative assertions that she had no objection to the admission of the complained-of evidence would have likely served to waive the error. *See Dean v. State*, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988).